52 N.J. Super. 210 (1958)
145 A.2d 158
STATE OF NEW JERSEY
v.
HARRY ROSEN, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided October 14, 1958.
*211 Mr. Guy W. Calissi, attorney for the State of New Jersey (Mr. Robert Dilts, appearing).
Mr. Julius Malkin, attorney for the defendant.
SCHNEIDER, J.C.C. (temporarily assigned).
The above case came on for trial on October 6, 1958. The defendant waived a jury trial and stipulated and conceded that the State would prove the allegations of the indictment and defendant would admit the charges. Defendant moved for dismissal of the indictment on three grounds.
The defendant embezzled $7,158 from his employer A.S. Beck Shoe Corporation in the year 1939. He was indicted in that year by Indictment No. 19920. The defendant disappeared and nothing was heard of him. On February 2, *212 1955 the assignment judge dismissed the indictment by reason of its age and the fact that defendant had not been apprehended in 16 years.
In 1957 the defendant notified the prosecutor that he was and had been in California and would give himself up. He was brought back to Bergen County and reindicted for the embezzlement  that on December 23, 1939 he had embezzled the money. The indictment contained no allegation that defendant had been a fugitive from justice so as to explain the 18-year period from the date of the commission of the offense and the date of the indictment.
Defendant contends that the indictment does not set forth sufficient facts to constitute a crime since the indictment shows a date outlawed by the statute of limitations with no allegation to show defendant was a fugitive from justice. He further contends an acquittal (autrefois acquit) by reason of the dismissal of the previous indictment by the assignment judge. He further contends the indictment was not returned within two years of the commission of the offense.
The attack is on the new indictment on the ground of autrefois acquit and failure to set forth in the indictment the admitted fact of the defendant being a fugitive from justice.
It was agreed by defendant that if this motion was decided in favor of the State, he should be found guilty as charged.
1. The dismissal of the previous indictment by the assignment judge 16 years after its return, by reason of the absence of the defendant and for the purpose of clearing the calendar, does not entitle defendant to have a new indictment, later returned, dismissed on a plea of autrefois acquit. The defendant has not been prejudiced by the previous dismissal.
When a person has been placed on trial on a valid indictment before a court of competent jurisdiction, has been arraigned and has pleaded, and the jury has been impaneled and sworn, he is in jeopardy. If the jury is discharged without the accused's consent for a reason legally insufficient and without an absolute necessity for it, the discharge is *213 as a matter of law an acquittal. State v. Locklear, 16 N.J. 232 (1954). This is the general rule and certainly cannot affect this case, as the defendant was never arraigned on the old indictment by reason of his disappearance.
After a nolle prosequi has been entered, at a subsequent term, the offender in a proper case may be prosecuted under a new indictment. In re Golib, 99 Ohio App. 88, 130 N.E.2d 855 (Ohio Ct. App. 1953). If a nolle prosequi is entered before jeopardy has attached, it does not operate as an acquittal so as to prevent a subsequent prosecution for the same offense. 14 Am. Jur. 966, § 295.
2. The indictment on its face shows a return in 1957 for an act committed in 1939. The statute of limitations in effect in 1939 was R.S. 2:183-2 which provided for a two-year limitation. The present statute is N.J.S. 2A:159-2, which provides for a five-year limitation. We have in the instant case an 18 year period. Both of the above statutes by their express terms provides that no person can be prosecuted or tried or punished for offense not punishable with death unless an indictment be found within two years from time of the commission of the offense. However, this section does not apply to any person fleeing from justice. The statute ceases to run where person removes or secretes himself without jurisdiction where offense was committed, with intent to avoid detection or prosecution. Renner v. Renner, 13 N.J. Misc. 749 (Ch. 1935).
In our case defendant admits that he left the jurisdiction at the time of the commission of the crime and was a fugitive from justice until the new indictment was returned. He contends, however, that it was necessary for the indictment to show the fact that defendant was a fugitive from justice in order to explain away the obvious passage of more time than permitted by the statute.
4 Wharton's Criminal Procedure (Anderson ed. 1957), p. 585, states that there is a diversity of opinion as to the necessity of alleging facts to bring a case which is prima facie barred under a statute of limitations within a statutory exception tolling the statute in certain circumstances, some *214 of the courts holding that such an allegation is essential while others take the opposite view.
The rule in the federal courts is that such an allegation is not necessary and the bar of the statute is a matter of defense. The prosecution is entitled to an opportunity, where the statute of limitations contains an exception, to introduce evidence and bring the defendant within one of the exceptions. 99 A.L.R. 154. In the case of United States v. Cook, 17 Wall. 168, 21 L.Ed. 538 (U.S. 1872), it was held that it is not necessary to negative a general statute of limitations containing a provision that it shall not extend to any person or persons fleeing from justice. It is the general and better practice that the statute of limitations should be raised under a plea of not guilty. 15 Am. Jur. 38, § 558.
New Jersey follows the federal rule. In State v. Unsworth, 85 N.J.L. 237 (E. & A. 1913), the indictment alleged acts committed on October 6, 1909 and was returned on October 9, 1911, with a two-year statute of limitations in existence. Justice Swayze stated:
"The two-year limitation is not an absolute limitation, as seems to be the case with the English statute as to high treason. * * * An exception is made in the case of persons fleeing from justice, and this indictment does not show that the defendants were not fugitives. The indictment on its face is good notwithstanding the statute of limitations."
He quotes the case of United States v. Cook, above.
1 Schlosser, Criminal Laws of N.J., § 157, p. 102, states that fleeing from justice is a disputed question of fact for the jury to decide under instruction from the court to acquit unless satisfied that he had fled from New Jersey. When the proof of flight is lacking, the question becomes one of law for the court and proper subject for entry of judgment of acquittal.
In State v. Estrada, 35 N.J. Super. 459 (Cty. Ct. 1955), the indictment did contain an allegation that defendant was a fugitive from justice. The court held that absence *215 from the jurisdiction is mere status. In itself it connotes neither action nor interest, but being a fugitive fleeing from justice denotes both action and interest. Whether the defendant did flee and halt the running of the statute is a question of fact. Also see State v. Greenberg, 16 N.J. 568, at page 578 (1954). There the indictment alleged he was a fugitive. This was held to be a question of fact for the jury to determine. The statute of limitations is a matter of defense and the court has no power to invoke the statute unless there has been a hearing on the facts which are the subject matter of the complaint. Board of Health, Borough of Hillsdale v. Tandy & Allen, Inc., 29 N.J. Super. 61 (Cty. Ct. 1953).
In our case defendant admits he was a fugitive from justice and there is no need to determine this question of fact. The defendant's contentions as to dismissal of indictment do not have merit. The defendant will be found guilty. He shall be presented for sentence.