188 N.J. Super. 170 (1983)
457 A.2d 20
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NORMA A. LOPEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1983.
Decided February 1, 1983.
*171 Before Judges MORTON I. GREENBERG and FURMAN.
Ronald W. Sage, attorney for appellant (Charles A. Russell, III on the brief).
Alexander D. Lehrer, Monmouth County Prosecutor, attorney for respondent (Linda B. Kenney, Assistant Prosecutor, and Steven L. Kessel, Legal Assistant, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
A Monmouth County grand jury returned two indictments against defendant. Indictment 1174-80 charged defendant with two counts of attempted armed robbery (N.J.S.A. 2C:5-1 and N.J.S.A. 2C:15-1). Indictment 1194-80 charged defendant with attempted robbery (N.J.S.A. 2C:5-1 and N.J.S.A. 2C:15-1). All three incidents involved attempts to rob banks. Defendant pleaded not guilty to the indictments. On June 5, 1981 defendant advised the prosecutor that she would rely on a defense of insanity and that she would call Harry H. Brunt, M.D., and Alan V. Bornstein, M.D., as witnesses. The State served a motion returnable on the trial date, December 14, 1981, "to strike defendant's defense of insanity." It was the desire of the State *172 that the motion "be heard prior to the swearing of the jury." After hearing the argument of counsel and considering the psychiatric reports submitted, the judge gave an oral opinion granting the motion and striking "the psychiatric testimony as to insanity." On the same day, December 14, 1981, he signed a formal order "that the defense of insanity be stricken from presentation [at the trial]."
Defendant then entered into a plea agreement with the State. Under the agreement she pleaded guilty to count two of Indictment 1174-80 (attempted armed robbery). She reserved the right to appeal from the order striking the defense of insanity. See R. 3:9-3(f). The judge accepted her guilty plea and sentenced her to probation for four years. He also made provision for psychiatric care as a condition of probation. In addition, defendant was assessed a penalty of $50 for the use of the Violent Crimes Compensation Board. The judge dismissed Indictment 1194-80 and the remaining count of Indictment 1174-80. On January 4, 1982 defendant filed a notice of appeal from the order of the trial court striking the insanity defense and from the judgment of conviction subsequently entered following her guilty plea. On February 10, 1982 the motion judge filed an amplification of his prior oral opinion. See R. 2:5-1(b). In this amplification the judge made an analysis of the reports of Drs. Brunt and Bornstein. He concluded that defendant "intended to go to the three banks with a half-formed and bizarre purpose of obtaining money in the manner suggested on a television program which she had recently seen. Quite clearly, she understood the nature and quality of her acts. She also knew it was wrong to rob a bank. That is precisely why she turned and ran each time the commission of the criminal act appeared close."
After a careful review of this matter we have concluded that the order of December 14, 1981 striking defendant's defense of insanity must be reversed. There is no procedure in a criminal case for the court to pass on a pretrial motion by the State to strike an insanity defense. R. 3:10-1 provides that in a criminal case "Any defense or objection capable of determination without *173 trial of the general issue may be raised before trial by motion to dismiss or for other appropriate relief." R. 3:10-2 requires that certain defenses must be raised before trial and that failure to do so constitutes a waiver of the defense unless the court for good cause grants relief from the waiver. It seems clear that in dealing with defenses or objections R. 3:10-1 contemplates an application by a defendant. Any doubt on this construction is dispelled by R. 3:10-2. Only a defendant can waive a defense in a criminal case. Thus R. 3:10-2 cannot apply to the State.
Criminal practice should be contrasted with motions allowed in the rules governing civil cases. A civil plaintiff may move to strike defenses or may move for summary judgment. R. 4:6-5 and R. 4:46-1 et seq. The Supreme Court has not given a trial court authority to entertain like applications by the State in a criminal case. Further, R. 3:12, dealing with a defendant intending to claim insanity as a defense or asserting that he lacked the requisite state of mind for an element of an offense, should be contrasted with R. 3:5-7(a) governing motions to suppress. Under R. 3:12 the Supreme Court requires that defendant give written notice to make the defense when entering the plea or, unless the time is extended for good cause shown, within 30 days thereafter. The rule does not authorize the court in a pretrial ruling to pass upon the defense of insanity or determine if defendant lacked the requisite state of mind for an element of the offense. Under R. 3:5-7(a) a motion to suppress is to be made and determined before trial unless the court determines that defendant could not reasonably have made it prior to trial. The reason for the distinction seems clear: R. 3:12 defenses are for the jury, see State v. Trantino, 44 N.J. 358, 369 (1965), cert. den. 382 U.S. 993, 86 S.Ct. 573, 15 L.Ed.2d 479 (1966), and motions to suppress are for the judge. A trial judge must be careful not to impinge on a jury's function, particularly in a criminal case. See State v. Ingenito, 87 N.J. 204 (1981). Thus, he should not pass upon pretrial applications to strike R. 3:12 defenses.
*174 In reaching our result we recognize that R. 3:13-1(b) provides that
Hearings to resolve issues relating to the admissibility of statements by defendant, pretrial identifications of defendant and sound recordings may be held at any time prior to trial and, upon a showing of good cause, hearings as to admissibility of other evidence may also be so held.
It is apparent that this rule deals principally with questions which if reserved for the trial would be answered by the judge. See State v. McCloskey, 90 N.J. 18, 22 (1982) (validity of statement under Miranda rule[1]); State v. Lutz, 165 N.J. Super. 278, 281 (App.Div. 1979) (Miranda statement and Wade[2] identification questions); State v. Driver, 38 N.J. 255, 287-288 (1962) (sound recordings). The reason for adoption of R. 3:13-1(b) is explained in the comment to it as follows:
The text of paragraph (b) of this rule was adopted effective September 1979 to permit pretrial disposition immediately before jury selection of questions involving the admissibility of defendant's statements, pretrial identifications, sound recordings, and for good cause shown, other evidence questions. The reasons for this amendment are self-evident. First, it provides a technique for substantially expediting the conduct of the trial itself. The evidence questions covered by the rule ordinarily involve the taking of testimony outside the presence of the jury and these voir dire hearings if conducted during the trial impair, from the jury's point of view, its continuity as well as substantially imposing upon the time of the jurors. More significantly perhaps these determinations if made prior to jury selection rather than, as heretofore, during trial, constitute interlocutory determinations which may be appealable by the State. Cf. R. 2:3-1(b) and R. 3:10-3 and Comments thereon. This procedure also provides the potential for a defendant to seek leave to appeal from the adverse determination before the trial commences. It is at least possible that the actual commencement of the trial could be stayed pending appellate review of the issue whereas such review is plainly impractical if the determination is made during the trial itself. Finally, adverse determinations of these questions, where they constitute, in effect, the sole defense, may result in a defendant's decision to plead guilty.
These considerations do not apply to R. 3:12 defenses. Such defenses are to be passed upon by the jury, not the judge.
We also note that R. 3:10-6 provides that
A motion made before trial shall be determined before trial unless the court orders it deferred for determination after trial. Unless trial by jury is required, *175 the court shall determine issues of fact on affidavits or in such other manner as it directs.
Clearly, this rule applies to motions which the court is authorized from some other source to determine. Thus a pretrial motion to dismiss an indictment because of the defense of double jeopardy (see R. 3:10-2) or a motion relating to the issues set forth in R. 3:13-1(b) should be determined before trial. The rule does not purport to authorize the trial judge to preempt the jury's power to pass upon an insanity defense.
In view of our disposition of this matter we consider it both unnecessary and inappropriate to discuss the merits of defendant's insanity defense. The order of December 14, 1981 striking the defense of insanity is reversed. Defendant's plea of guilty to count two of Indictment 1174-80 is vacated. All three counts of Indictments 1174-80 and 1194-80 are reinstated. The matter is remanded to the Superior Court, Law Division, Monmouth County, for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).