STATE OF NEW JERSEY, PLAINTIFF, v. WALTER OCHMANSKI, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided February 10, 1987.

*Terri-Anne Duda* for plaintiff (*Stephen G. Raymond,* Prosecutor of Burlington County, attorney).

*Richard Lawrence Friedman* for defendant (*Avena, Hendren, Friedman & Klamo,* attorneys).

HAINES, A.J.S.C.

This is a murder case. Walter Ochmanski, defendant, moves to dismiss the indictment on the ground that its prosecution is barred by the statute of limitations. This opinion concludes that his motion must be dismissed.

The murder charge resulted from the beating death of William Gary Spaven, whose body was found in a wooded area some distance from the trailer park in which the beating occurred. Complaint warrants, naming defendant and a companion, Terry Glass, were issued on September 15, 1980. Three days later, Ochmanski's attorney called the Burlington County Prosecutor's office, said he was aware of the murder charge against his client and would surrender him on September 22,

1980. Ochmanski did not appear as promised. He was indicted on October 24, 1980, failed to appear for his initial plea and a bench warrant was issued for his arrest.

The prosecutor's fugitive unit commenced its pursuit of Ochmanski on October 29, 1980, entering his name in the national crime information center system as a fugitive and, on December 31, 1980, placing his name on the New Jersey most wanted list. He was arrested in Texas on the murder charge on July 22, 1986 and immediately transported to the Burlington County jail where he now awaits trial.

Terry Glass, who was associated with Ochmanski in the beating death of Spaven, was also indicted on October 24, 1980, failed to appear for his initial plea and, like Ochmanski, was pursued as a fugitive. Glass was arrested in Texas on July 18, 1986, and brought to New Jersey on July 30, 1986, where he has been jailed and is awaiting trial. Glass, in a sworn statement, said that he spoke to Ochmanski a few days after the beating and was told that Spaven had died and that Ochmanski "convinced me that the best thing to do was to leave." They did so, traveling together from place to place across the country, using aliases, until they separated approximately two years before their arrest.

On November 19, 1986 the Burlington County Grand Jury returned a superseding indictment charging Ochmanski and Glass in four counts with: (1) conspiracy, a violation of *N.J.S.A.* 2C:5–2a(1), (2) murder, a violation of *N.J.S.A.* 2C:11–3a(1) or –3a(2), (3) murder, a violation of *N.J.S.A.* 2C:11–3a(3), and (4) kidnapping, a violation of *N.J.S.A.* 2C:13–1b(1). This indictment, in response to which Ochmanski entered a plea of not-guilty, is the subject of the motion to dismiss.

■ The motion must be denied with respect to counts two and three charging murder. Under *N.J.S.A.* 2C:1–6(a) a prosecution for murder may be commenced at any time. Counts one and four of the indictment charge conspiracy and kidnapping, crimes which must be prosecuted within five years. *N.J.S.A.* 2C:1–6b(1). As to these charges, therefore, the statute has run

unless it is tolled. It is tolled if Ochmanski was "fleeing from justice," *i.e.*, a fugitive, *N.J.S.A.* 2C:1-6f, and/or if the second indictment against him charges the "same conduct" as the first. *N.J.S.A.* 2C:1-6e.

Ochmanski claims that he has not been a fugitive and demands a pretrial testimonial hearing to determine the issue. Under past practice neither a pretrial motion nor a pretrial hearing was allowed. The defense of the statute of limitations could be raised as a question of law only during trial by motion for a judgment of acquittal at the end of the State's case. It could be granted only when the State failed to prove that defendant fled the jurisdiction. When the State produced evidence of flight, the question was for the jury. *State v. Rosen,* 52 *N.J.Super.* 210, 214 (Law Div.1958). See also *State v. Greenberg,* 16 *N.J.* 568, 578 (1954) (Approving instruction that fugitive status is "a question of fact for the jury to determine."); *State v. Estrada,* 35 *N.J.Super* 459 (Cty.Ct.1955). 32 *N.J.Practice (Arnold, Criminal Practice and Procedure )* 572, says:

> It is unlikely that a pretrial motion may properly be brought to dismiss the indictment on the ground that the statute of limitations has run. Possibly such a pretrial motion could be brought if the indictment on its face states that the crime occurred more than 5 years … prior to the finding and return of the indictment, but then only if the state were to concede that there was no proof that the defendant had been a fugitive from justice. Generally, however, the indictment on its face states that the crime occurred within the statutory period. At trial the state must affirmatively prove the commission of the crime within the statutory period. If at the end of the state's case the state has not proven the commission of the crime within the statutory period, then a motion for a judgment of acquittal would properly lie at that time. [at 31]

*Arnold* and the cited cases did not consider *R.* 3:10-1 which provides in part:

> Any defense or objection capable of determination without trial of the general issue may be raised before trial by motion to dismiss or for other appropriate relief.

*R.* 3:10-6 provides:

> A motion made before trial shall be determined before trial unless the court orders it deferred for determination after trial. Unless trial by jury is required, the court shall determine issues of fact on affidavits or in such other manner as it directs.

Current rules, therefore, permit the present motion since the limitation defense is "capable of determination without trial of the general issue." The practice is akin to the summary judgment procedure authorized by the *de minimus* statute, *N.J.S.A.* 2C:2–11. *State v. Hegyi*, 185 *N.J.Super.* 229 (Law Div.1982); *State v. Evans*, 193 *N.J.Super.* 560 (Law Div.1984); *but see State v. Brown*, 188 *N.J.Super.* 656 (Law Div.1983)

 The present pretrial motion may be granted, however, only if it reveals the absence of any facts available to the State supporting the claim of fugitive status. This is the sense of *Arnold's* comment. When a factual dispute is raised by the proofs favoring or opposing the motion the question is for the jury to decide, not the judge at a pretrial testimonial hearing. *State v. Greenberg, supra; State v. Lopez*, 188 *N.J.Super.* 170 (App.Div.1983); *R.* 3:10–6. Here, the State has produced facts which would permit a jury to find that Ochmanski was fleeing the jurisdiction. Consequently, the motion, as to its demand for a testimonial pretrial hearing and otherwise must be denied.

 The prosecution also argues against the motion on "same conduct" grounds. *N.J.S.A.* 2C:1–6e, provides that "[t]he period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this State." It is therefore claimed that the agreement of Ochmanski and Glass to undertake the beating, the beating itself and the transportation and death of Spaven, constituted a conspiracy, a kidnapping and a murder all of which were part of the "same conduct" covered by the original indictment. Defendant argues that conspiracy and kidnapping require proof of different facts and different elements than murder and therefore cannot constitute the "same conduct." The issue requires some analysis.

The defense argument equates "same conduct" with "same offense." It is apparent, however, that the Legislature did not necessarily intend the words "conduct" and "offense" to have the same meaning. For example, *N.J.S.A.* 2C:1–6 refers to

"prosecutions for other offenses" in subparagraph b while subparagraph e refers to a "prosecution ... for the same conduct." *N.J.S.A.* 2C:1–8a provides: "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense." *N.J.S.A.* 2C:1–10a provides a bar to prosecution when a former prosecution, among other things, is for "[t]he same conduct." A similar juxtaposition of terms may be found in *N.J.S.A.* 2C:1–11.

*N.J.S.A.* 2C:1–14 defines "conduct" to mean "an action or omission and its accompanying state of mind, or, where relevant, a series of acts and omission" [*sic*], while "offense" is defined to mean "a crime, a disorderly persons offense or a petty disorderly persons offense." The definition of "element of an offense" includes references to both "conduct" and "offense," referring, for example, to "conduct" which "negatives a defense under the statute of limitations...." Thus, "conduct" may constitute an offense or part of an offense and may negate a statute of limitations defense. *N.J.S.A.* 2C:1–6(e) complements the definitional use of "conduct," negating the limitations defense "when a prosecution against the accused for the same conduct is pending in this state." It also relates "same conduct" to a "prosecution." "Same conduct" and "same offense" are therefore seen to be closely allied terms but ones used differently in different settings.

In deciding upon the correct meaning of "same conduct" here, the purposes of the statute of limitations and its exceptions become central considerations. *State v. Zarinsky,* 75 *N.J.* 101 (1977), aff'g 143 *N.J.Super.* 35 (App.Div.1976) advises that:

> A criminal statute of limitations is designed to protect individuals from charges when the basic facts have been obscured by time. [at 106]

The rationale for time limitations provided by the Final Report of the New Jersey Criminal Law Revision Commission, *The New Jersey Penal Code,* Vol. II: Commentary is:

> (1) The desirability of requiring convictions to be based upon reasonably fresh evidence and the avoidance of an erroneous conviction arising from delay.
> (2) If the person refrains from further criminal activity, the likelihood increases

with the passage of time that he has reformed, thereby diminishing pro tanto the necessity for imposition of the criminal sanction. If he has repeated his criminal behavior, he can be prosecuted for the more recent offenses. (3) As time goes by, any community retributive impulse diminishes.

(4) It is desirable to lessen the possibility of blackmail based on a threat to prosecute or to disclose evidence to enforcement officials. After a period of time, a person ought to be allowed to live without fear of prosecution. [at 13]

■ The State did all it was required to do by returning the original indictment within the limitations period. It constituted notice to defendant of the offense charged against him, satisfying the demands of fairness and due process. *State v. Lopez, supra.* If Ochmanski was a fugitive, lack of actual notice was his fault, not the State's. None of the reasons for having a statute of limitations, as set forth in *State v. Zarinsky, supra* and the Final Report of the New Jersey Criminal Law Revision Commission, *supra*, argue persuasively for its application here with respect to the superseding indictment so long as the charges to which it subjects defendant are ones for which he could have been convicted in response to the original indictment. To the extent that is so, both indictments charge the "same conduct." This is the sense in which those words are employed in *N.J.S.A.* 2C:1–6e to negate the limitations defense.

Ochmanski must therefore face the conspiracy charge contained in the superseding indictment. He was charged with murder in the original indictment and could have been convicted of conspiracy on that charge notwithstanding the absence of a specific allegation in the indictment. *N.J.S.A.* 2C:1–8a(2), d provides in pertinent part:

A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:

. . . .

(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein. . . .

*State v. LeFurge,* 101 *N.J.* 404 (1986) interpreted this language as permitting a conviction of conspiracy notwithstanding the fact that the indictment charged only the substantive offense.

■ Kidnapping, however, is an offense not provided with the same accommodation. Nor is it "an offense included in an

offense charged," since it is not included in the charge of murder. *N.J.S.A.* 2C:1–8(b) provides that an offense is included when "[it] is established by proof of the same or less than all the facts required to establish the commission of the offense charged." *State v. Passafiume*, 184 *N.J.Super.* 447 (App.Div. 1982), certif. den. 91 *N.J.* 280 (1982). *N.J.S.A.* 2C:11–3 defines criminal homicide as murder when an "actor purposely causes death or serious bodily injury resulting in death," or does the same "knowingly" or does so while engaged in the commission of certain other crimes. *N.J.S.A.* 2C:13–1, as pertinent here, states that a person who unlawfully removes another "a substantial distance from the vicinity where he is found ... to facilitate commission of any crime or flight thereafter" is guilty of kidnapping. Proof of the unlawful removal of another person is proof in addition to and not "the same or less than" the proofs required to establish the commission of a murder. Ochmanski therefore could not have been convicted of kidnapping on the basis of the original murder indictment. Murder and kidnapping, on the facts here, are not the "same conduct." The bar of the limitations statute will therefore apply to that charge in the superseding indictment unless the State proves that Ochmanski was a fugitive.

This conclusion is supported by *State v. DiVentura*, 187 *N.J.Super.* 165 (App.Div.1982), although that case dealt with a different part of the code. It addressed the meaning of the words "same conduct" as used in *N.J.S.A.* 2C:1–11. That section makes a former prosecution in another jurisdiction a bar to a prosecution in this State when, under certain circumstances, the New Jersey prosecution "is based on the same conduct." *DiVentura* held that "the 'same conduct' must mean 'identical conduct.'" 187 *N.J.Super.* at 172. *See also State v. Esham*, 321 *A.*2d 512 (Del.Super.Ct.1974).