**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1467-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN CHEW, a/k/a
JOHN D. KOCLYAN,

     Defendant-Appellant.

_____

          Submitted August 27, 2025 – Decided October 27, 2025

          Before Judges DeAlmeida and Chase.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 93-03-0507.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

          Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Anthony J. Robinson, Assistant Prosecutor, of counsel and on the briefs).

PER CURIAM

Defendant John Chew appeals from the Law Division's October 26, 2022 order denying his motion to correct an illegal sentence. We affirm.

I.

On January 12, 1993, defendant murdered his girlfriend Theresa Bowman to obtain life insurance proceeds. After attempting to convince his son and a coworker to participate in the killing, defendant cut Bowman's throat in a Woodbridge hotel parking lot and left her in a car to bleed to death.

On March 24, 1993, a Middlesex County grand jury indicted defendant, charging him with: (1) first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); (2) third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); (3) third-degree terroristic threats, N.J.S.A. 2C:12-3(a); (4) second-degree attempted conspiracy to commit murder (with George Tilton), N.J.S.A. 2C:11-3, N.J.S.A. 2C:5-1, and N.J.S.A. 2C:5-2; and (5) second-degree attempted conspiracy to commit murder (with Robert Chew), N.J.S.A. 2C:11-3, N.J.S.A. 2C:5-1, and N.J.S.A. 2C:5-2.

On June 13, 1995, a jury found defendant guilty of first-degree murder and third-degree possession of a weapon for an unlawful purpose. At the penalty phase of the trial, the jury returned a verdict of death.

On June 22, 1995, the court entered a judgment of conviction merging the weapon conviction into the murder conviction and sentencing defendant to death. The court considered a presentence report at sentencing.

The Supreme Court affirmed the convictions and sentence. State v. Chew, 150 N.J. 30, 88 (1997). On June 3, 1999, the Court found defendant's sentence satisfied proportionality review. State v. Chew, 159 N.J. 183, 226 (1999). On December 6, 1999, the United States Supreme Court denied defendant's petition for certiorari. 528 U.S. 1052 (1999).

In June 2000, defendant filed a petition for post-conviction relief (PCR) in the Law Division, alleging ineffective assistance of counsel at both the guilt and penalty phases of his trial. On March 25, 2004, the Supreme Court held defendant was entitled to PCR because his counsel was ineffective by failing to present mitigating expert testimony at the penalty phase of his trial. State v. Chew, 179 N.J. 186, 218-20 (2004). The Court vacated defendant's death sentence and remanded the matter for a new penalty phase trial. Id. at 220.

The parties entered into a plea agreement. Defendant agreed to waive indictment and agreed to plead guilty to an accusation of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). The charge arose from defendant's possession of the knife he used to kill Bowman on the day of the

3

murder.  In exchange, the State agreed not to seek the death penalty on the murder conviction and to recommend a sentence of eighteen months in prison, with a nine-month period of parole ineligibility, on the unlawful possession of a weapon conviction to be served consecutively to the sentence for murder.

On June 10, 2004, defendant pleaded guilty to fourth-degree unlawful possession of a weapon.  During the plea colloquy, defendant admitted that on January 12, 1993, he was in possession of a knife at the Woodbridge hotel where he murdered Bowman.  He also admitted he possessed the knife with the intent to use it for an unlawful purpose.

After accepting defendant's plea, the court resentenced defendant on the murder and third-degree possession of a weapon for an unlawful purpose convictions and sentenced him on the fourth-degree unlawful possession of a weapon conviction.  Before imposing the sentences, the judge, who had presided over the penalty phase of defendant's trial, had the following exchange with counsel:

> THE COURT:  All right.  We're going to waive any further presentence report then, gentlemen?
>
> [DEFENDANT'S COUNSEL]:  Yes, your Honor.
>
> [ASSISTANT PROSECUTOR]:  Yes.
>
> THE COURT:  And have simultaneous sentencing?

A-1467-23

[DEFENDANT'S COUNSEL]:  Yes, sir.

THE COURT:  All right.  Did you want to be heard, [defendant's counsel]?

[DEFENDANT'S COUNSEL]:  Yes.  If I may, your Honor . . . .

Judge, I have reviewed the presentence report in detail with [defendant].  We were working off of the report from his earlier sentencing.  And we spent time this morning going over it page by page and line by line.

There are no additions or corrections.

If I may speak to sentencing, Judge?

THE COURT:  Yes, sir.

[DEFENDANT'S COUNSEL]:  Judge, obviously this is as serious an offense as one can have.  [Defendant] certainly understands that.  He spent the last years almost on death row.

Today he is being sentenced both on that murder count from the Indictment and then again on the unlawful possession of a weapon with respect to the [a]ccusation.

I would just note what was noted in the presentence report.  In the presentence report where it goes through the assessment of factors contributing to the present offense, it lists in general and very succinctly what the mitigating factors were that were found by the jury at his death penalty jury trial.  And I would just ask your Honor to consider those as your Honor decides the appropriate sentence for [defendant].

5

The State thereafter acknowledged it was not seeking the death penalty for defendant's murder conviction.

The court merged defendant's conviction of third-degree possession of a weapon for an unlawful purpose with his murder conviction. The court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense), six, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's prior criminal convictions and the seriousness of those offenses), and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter), and no mitigating factors. The court determined the aggravating factors outweighed the non-existent mitigating factors. For the murder conviction, the court sentenced defendant to life imprisonment, with a thirty-year period of parole ineligibility.

For defendant's fourth-degree unlawful possession of a weapon conviction arising from the accusation, the court found the same aggravating factors and an absence of mitigating factors. Thus, the aggravating factors outweighed the non-existent mitigating factors. For this conviction, the court sentenced defendant to an eighteen-month term of incarceration, with a nine-month period of parole ineligibility, to be served consecutively to the sentence for murder. A June 10, 2004 judgment of conviction memorialized the sentences.

A-1467-23

Eighteen years later, on May 9, 2022, defendant filed a self-represented motion in the Law Division to dismiss the accusation. He argued the charge in the accusation was filed beyond the statute of limitations, the conviction of unlawful possession of a weapon should have been merged into the murder conviction, and the court should have ordered a contemporaneous presentence report prior to resentencing pursuant to Rule 3:21-2. Defendant's counsel subsequently filed a motion to reconsider and vacate defendant's sentence and schedule a new resentencing hearing.

On October 19, 2022, the court issued an oral decision denying the motions. The court, with the parties' consent, considered the motions to be for a change in sentence based on an illegal sentence. The court summarized defendant's argument as follows: (1) the charge in the accusation was barred by the statute of limitations; (2) the sentencing court should have merged the unlawful possession of a weapon conviction into the murder conviction; (3) the sentencing court was required to order a current presentencing report before imposing sentence; and (4) under State v. Yarbough, 100 N.J. 627 (1985), the court should have ordered the sentence on the unlawful possession of a weapon conviction, if not merged into the murder conviction, be served concurrently with the sentence on the murder conviction.

7

The court began its analysis by considering merger. The court found:

> It [is] clear to me that the possession of the weapon in this case was to use it to commit the substantive offense. So, merger would have ordinarily been required.
>
> The knife's use . . . as a weapon to commit the murder is the only circumstance[] making its possession here unlawful.
>
> So, clearly there is a valid argument to be made that . . . it should have merged.

However, the court found defendant waived the right to have the convictions merged in exchange for the benefits of a plea bargain. The court found that after the Supreme Court remanded the matter for resentencing, the State agreed not to seek the death penalty on the murder conviction. In exchange, defendant agreed to plead guilty to what was, in effect, a superseding charge of unlawful possession of a weapon, which would not merge into the murder conviction and for which the State would recommend a sentence to be served consecutively to the sentence on the murder conviction. The court found this agreement constituted a waiver of defendant's right to seek merger of the unlawful possession of a weapon conviction into the murder conviction.

The court applied the same reasoning to conclude defendant waived any arguments that: (1) the charge in the accusation was barred by the statute of

limitations; and (2) <u>Yarbough</u> required concurrent sentences for the unlawful possession of a weapon conviction and murder conviction.

With respect to the presentence report, the motion court found defendant acknowledged, without objection, at the plea/sentencing hearing the court would use the original presentence report to sentence defendant on the three convictions. In addition, the motion court noted the sentencing judge was familiar with defendant's circumstances because he presided over the penalty phase trial. Thus, the court concluded the resentencing court's failure to obtain a current presentencing report, if an error, did not warrant vacating defendant's sentence. The court noted defendant's sentence was consistent with the plea agreement, which should be given "great respect."

An October 26, 2022 order memorialized the court's decision. This appeal followed.

Defendant raises the following arguments.[1]

> POINT I
>
> THE JUDGMENTS OF CONVICTION FOR INDICTMENT 93-03-00507-I AND ACCUSATION NO. 04-06-00154-A MUST BE VACATED AS THE

---

[1] This appeal originally was placed on our sentencing calendar for decision without briefing. We later transferred the appeal to the plenary calendar. <u>State v. Chew</u>, No A-1467-23 (App. Div. Sep. 17, 2024). After the parties filed their merits briefs, we requested supplemental briefing on a number of issues.

BASIS FOR THE GUILTY PLEA AND THE SENTENCE WAS ILLEGAL.

POINT II

THE MATTER MUST BE REMANDED FOR RESENTENCING AS THE TRIAL COURT FAILED TO ORDER A CONTEMPORANEOUS PRESENTENCE REPORT.

## II.

A motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247. "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions" or "include[s] a legislatively mandated term of parole ineligibility." Ibid. We review de novo the trial court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

We begin with defendant's argument the charge in the accusation was time-barred. N.J.S.A. 2C:1-6, which establishes the statute of limitations for criminal charges, was amended effective January 3, 2002. The parties dispute

which version of the statute – the version in existence in 1993 when defendant committed the offense charged in the accusation or the version in existence in 2004 when the accusation was issued – determines whether the charge in the accusation was timely.

On January 12, 1993, when defendant murdered Bowman, N.J.S.A. 2C:1-6 provided, in relevant part:

> a. Time Limitations. A prosecution for any offense set forth in [N.J.S.A.] 2C:11-3 or [N.J.S.A.] 2C:11-4 may be commenced at any time.
>
> b. Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitations:
>
> (1) A prosecution for a crime must be commenced within five years after it is committed;
>
> . . . .
>
> d. A prosecution is commenced for a crime when an indictment is found and for a nonindictable offense when a warrant or other process issued . . . . Nothing contained in this section, however, shall be deemed to prohibit the downgrading of an indictable offense to a nonindictable offense at any time if the indictable offense was filed within the statute of limitations applicable to indictable offense.
>
> e. The period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this State.

11

A-1467-23

[N.J.S.A. 2C:1-6 (1989).]

Effective January 3, 2002, N.J.S.A. 2C:1-6 was amended by the enactment

of L. 2001, c. 308, to provide, in relevant part:

> a.      Time Limitations.  A prosecution for any offense
> set forth in [N.J.S.A.] 2C:11-3, [N.J.S.A.] 2C:11-4 or
> [N.J.S.A.] 2C:14-2 may be commenced at any time.
>
> b.      Except as otherwise provided in this section,
> prosecutions for other offenses are subject to the
> following periods of limitations:
>
> (1)    A prosecution for a crime must be commenced
> within five years after it is committed;
>
> . . . .
>
> d.      A prosecution is commenced for a crime when an
> indictment is found and for a nonindictable offense
> when a warrant or other process issued . . . .  Nothing
> contained in this section, however, shall be deemed to
> prohibit the downgrading of an offense at any time if
> the prosecution of the greater offense was commenced
> within the statute of limitations applicable to the greater
> offense.
>
> e.      The period of limitation does not run during any
> time when a prosecution against the accused for the
> same conduct is pending in this State.
>
> [N.J.S.A. 2C:1-6.]

The 2002 amendment expanded the circumstances in which an otherwise

time-barred lesser offense may be charged where the defendant had been timely

12

charged with a related greater offense. The 1993 version of the statute permitted only a "downgrading of an indictable offense to a nonindictable offense at any time if the indictable offense was filed within the statute of limitations." N.J.S.A. 2C:1-6(d) (1989). The 2002 amendment permitted a "downgrading of an offense at any time if the prosecution of the greater offense was commenced within the statute of limitations." N.J.S.A. 2C:1-6(d).

Defendant argues the version of N.J.S.A. 2C:1-6 in existence in 1993, when he committed his offenses, applies to determine the timeliness of the charge in the 2004 accusation. We agree.

In State v. Rosado, 475 N.J. Super. 266 (App Div.), aff'd o.b., 256 N.J. 93 (2003), we held the 2002 amendment to N.J.S.A. 2C:1-6 does not apply retroactively to offenses committed prior to January 3, 2002. In that case, the victim, who was sexually assaulted, was found dead in 1990. Id. at 270. Police collected DNA samples from her body and submitted them for analysis. Ibid. The testing indicated the samples contained DNA from an unknown person. Ibid. "For more than thirty years, no one was charged with any crime related to [the victim's] death or sexual assault." Ibid.

Rosado was first identified as a person of interest in the victim's sexual assault in 2018 after further testing of the DNA samples. Id. at 271. In 2021, a

DNA sample collected from Rosado indicated a high probability of matching the samples taken from the victim. Ibid. In April 2022, the State charged Rosado with second-degree sexual assault for the May 1990 incident. Ibid.

Rosado moved to dismiss the charge as time-barred, relying on N.J.S.A. 2C:1-6 as it existed prior to the 2002 amendment. Ibid. The State opposed the motion, arguing that L. 2001, c. 308, the same enactment at issue here, amended N.J.S.A. 2C:1-6(c) to provide "the statute of limitations for prosecutions supported by DNA evidence does not begin to run until the State possesses both the physical evidence and the DNA . . . evidence necessary to establish the identity of the 'actor.'" Id. at 271-72. The State argued the 2002 amendment created a new statute of limitations not triggered by the date of the offense and, therefore, did not violate the Ex Post Facto Clauses of the United States and New Jersy Constitutions, U.S. Const. art. I, § 10, cl. 1; N.J. Const. art. IV, § 7, ¶3, by revising the expired limitations period on the 1990 crime. Id. at 272.

The trial court agreed with the State. Ibid. In an opinion subsequently affirmed by the Supreme Court, 256 N.J. at 93, we reversed. 475 N.J. Super. at 279. We held:

> A plain reading of the statute and its amendments
> establishes that the 2002 amendment does not apply to
> an expired statutory-limitations period. . . . The 2002
> amendment does not contain any language indicating

14

that the Legislature intended to apply that amendment retroactively. Instead, in enacting the 2002 amendment, the Legislature stated that the amendment "shall take effect immediately." L. 2001, c. 308, § 2. Our Supreme Court has consistently held that an amendment that is to take effect immediately is to be applied only prospectively.

[Id. at 275-76 (citing State v. Lane, 251 N.J. 84, 96 (2022); State v. L.V., 242 N.J. 432, 444-45 (2010); Pisack v. B&C Towing, Inc., 240 N.J. 360, 370 (2020)).]

We also held application of the 2002 amendment to revive an expired statute of limitations on a criminal charge would violate the Ex Post Facto Clauses of the federal and state constitutions. Id. at 276-77. We noted that "[a] statute of limitations in a criminal case creates an 'absolute bar' to prosecution." Id. at 276 (quoting State v. Twiggs, 233 N.J. 513, 534 (2018)). We explained:

The federal [E]x [P]ost [F]acto [C]lauses prevent the time for prosecution to be extended in any case where the pre-existing limitations period has already expired. Accordingly, so does the [E]x [P]ost [F]acto [C]lause of the New Jersey Constitution. See State v. Perez, 220 N.J. 423, 439 (2015) (noting "New Jersey's ex post facto jurisprudence follows the federal jurisprudence.").

[Id. at 277 (citation omitted).]

Applying the pre-amendment version of N.J.S.A. 2C:1-6, we reasoned that "[Rosado] allegedly committed the sexual assault on May 26, 1990. As already

noted, there was a five-year limitations period applicable to that crime. The limitations period expired on May 27, 1995. Consequently, the 2002 amendment to the criminal statute of limitations could not revive that expired prosecution." Ibid.

The same reasoning applies here. The timeliness of the accusation must be determined under N.J.S.A. 2C:1-6 as it existed prior to the 2002 amendment. Defendant allegedly committed fourth-degree unlawful possession of a weapon on January 12, 1993. The five-year statute of limitations for that offense began to run on January 12, 1993, "when every element" of the fourth-degree unlawful possession offense "occur[ed.]" N.J.S.A. 2C:1-6(c). The five-year period, without consideration of the statute's tolling provision, expired on January 13, 1998. Under the pre-amendment version of N.J.S.A. 2C:1-6(d), only a downgrade from a timely indictable offense to an otherwise time-barred non-indictable offense was permitted. N.J.S.A. 2C:1-6(d) (1989). Fourth-degree unlawful possession of a weapon is not a non-indictable offense. See N.J.S.A. 2C:1-4(a). That time-barred offense, therefore, could not be revived as a downgrade of the timely third-degree possession of a weapon for an unlawful purpose charge under N.J.S.A. 2C:1-6(d) as it existed prior to the 2002 amendment.

16

However, the timeliness of the charge in the accusation was preserved for several years by the tolling provision in N.J.S.A. 2C:1-6(e). That section of the statute provides, "[t]he period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this State." N.J.S.A. 2C:1-6(e).

As noted above, the five-year statute of limitations for that offense began to run on January 12, 1993. The State indicted defendant on March 24, 1993, two months and twelve days later. At that time, four years, nine months, and eighteen days remained on the statute of limitations. Assuming the fourth-degree offense involves the "same conduct" as the charges in the indictment, see State v. Ochmanski, 216 N.J. Super. 240, 246-47 (Law Div. 1987), a prosecution against defendant was pending in this State from March 24, 1993, to December 6, 1999, when the United States Supreme Court denied defendant's petition for certiorari seeking review of the State Supreme Court opinions affirming his convictions and sentence. Four years, nine months, and eighteen days from December 6, 1999, was September 24, 2004.

A-1467-23

Defendant pleaded guilty to the charge in the accusation on June 10, 2004, before the statute of limitations on the fourth-degree unlawful possession charge expired. The fourth-degree charge in the accusation was, therefore, timely.[2]

We are not persuaded by defendant's contention he did not waive the right to seek: (1) merger of the fourth-degree unlawful possession conviction into the murder conviction; and (2) a sentence on that conviction to be served concurrently with the sentence for murder.

A court may accept a defendant's guilty plea after "determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily . . . and with an understanding of the nature of the charge and the consequences of the plea." R. 3:9-2. "A guilty plea may be accepted as part of a plea bargain when the court is assured that the defendant enters into the plea knowingly, intelligently and voluntarily." State v. Johnson, 182 N.J. 232, 236 (2005). It has long been established that a defendant can waive in a plea agreement his right to have convictions merged.

---

[2] In his supplemental brief, defendant's argument with respect to the tolling of the statute of limitations on the unlawful possession charge is based on the erroneous premise that in 2004 the Supreme Court vacated his convictions of murder and possession of a weapon for an unlawful purpose. However, the Supreme Court only vacated defendant's death sentence, and remanded the matter for a new penalty phase hearing. 179 N.J. at 218-20.

State v. Crawley, 149 N.J. 310, 312-13 (1997). We also have affirmed the waiver of concurrent sentences in a plea agreement where imposition of consecutive sentences was not shown to be "clearly mistaken." State v. Soto, 385 N.J. Super. 247, 257 (App. Div. 2006).

Our review of the plea transcript revealed ample support for the motion court's conclusion defendant voluntarily and intelligently waived merger of the fourth-degree unlawful possession conviction into the murder. That unequivocal waiver was discussed at length at the hearing and was made in exchange for the State's promise not to seek the death penalty. The same is true for defendant's waiver of concurrent sentences on the unlawful possession and murder convictions. We note defendant's counsel argued for imposition of concurrent sentences, despite the terms of the plea agreement. The court determined consecutive sentences, to which defendant agreed in exchange for the State's promise not to seek the death penalty, were appropriate. We see no clear error in imposing consecutive sentences in these circumstances.

We are not persuaded by defendant's argument the resentencing court was required to order the production of a new presentence report. He cites no controlling authority for that proposition. Neither the Rules of Court nor the Code of Criminal Justice mandate a new presentence report on resentencing.

19

Pursuant to N.J.S.A. 2C:44-6(a), however, "[t]he court may order a presentence investigation" even when an investigation is not "required by the Rules of Court." Here, the resentencing judge, who presided at defendant's penalty phase trial, was fully familiar with defendant's circumstances, and determined a new presentence report was not necessary. In addition, defendant expressly waived the production of a new presentence report.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1467-23