(No. 50086

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. GUY STRAIT, Appellee.

*Opinion filed October 6, 1978.*

William J. Scott, Attorney General, of Springfield, and Daniel D. Doyle, State's Attorney, of Rockford (Donald B. Mackay and Melbourne Noel, Assistant Attorneys General, of Chicago, and Phyllis J. Perko and Martin P. Moltz, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Elgin, of counsel), for the People.

Ralph Ruebner, Deputy Defender, and Daniel Cummings, Assistant Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Winnebago County defendant, Guy Strait, was convicted of indecent liberties with a child and sentenced to the penitentiary for a term of not less than 10 nor more than 20 years. The appellate court reversed (52 Ill. App. 3d 599), and we allowed the People's petition for leave to appeal.

The facts are adequately stated in the appellate court opinion and will be repeated here only to the extent necessary to discuss the issues. In an information filed on May 13, 1976, it was charged that on March 3, 1972, defendant committed the offense of taking indecent liberties with a child under the age of 16. Defendant moved to dismiss the information on the ground "that the offense is well past the three year statute of limitations allowed by chapter 38, section 3—5(b), Illinois Revised Statutes." Defendant's post-trial motion asserts "that the court erred in denying the motion to dismiss the indictment."

In reversing the judgment the appellate court followed the long-established rule that if the indictment or information shows on its face that the offense was not committed within the period of limitation facts must be averred which

invoke one of the exceptions contained in the statute. *People v. Carman* (1943), 385 Ill. 23; *People v. Ross* (1927), 325 Ill. 417; *Garrison v. People* (1877), 87 Ill. 96.

The People urge that "Illinois should adopt the rule that limitation-tolling facts need not be alleged in a charging document" and alternatively that "the standard enunciated by this court in *People v. Pujoue* and *People v. Gilmore* for testing the sufficiency of charging instruments should apply to informations challenged in the trial court."

Section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—3) in pertinent part provides:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>
> \* \* \*
>
> (4) Stating the date and county of the offense as definitely as can be done; \*\*\*."

Section 114—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)) provides that the circuit court may dismiss the indictment, information or complaint upon the written motion of the defendant made prior to trial for the reason that "(2) The prosecution of the offense is barred by Sections 3—3 through 3—8 of the 'Criminal Code of 1961', approved July 28, 1961, as heretofore and hereafter amended; \*\*\*." Section 3—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—5) provides for the periods of limitations applicable to enumerated offenses and classes of offenses, and sections 3—6, 3—7 and 3—8 (Ill. Rev. Stat. 1975, ch. 38, pars. 3—6, 3—7, 3—8) provide for extended limitations, periods excluded from limitations, and limitations applicable to an offense based upon a series of acts. This court has consistently held that although the precise allegation and proof of time or date are not necessary, the charging document must allege that the crime was committed at

some time prior to the return of the indictment or the filing of the information and within the period fixed by the statute of limitations. (*People v. Day* (1949), 404 Ill. 268; *People v. Taylor* (1945), 391 Ill. 11; *People v. Angelica* (1934), 358 Ill. 621.) Alternatively, facts may be alleged and proved which by reason of the provisions of sections 3—6, 3—7 and 3—8 would toll the running of the statute.

In *Toussie v. United States* (1970), 397 U.S. 112, 114-15, 25 L. Ed. 2d 156, 161, 90 S. Ct. 858, 860, the Supreme Court observed: "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." The grounds upon which the People seek to wrest from a defendant the protection afforded by section 3—5 of the Criminal Code should be stated in the information with sufficient specificity to enable him to defend against them.

We have examined the authorities cited by the People and those collected in the annotation at 52 A.L.R.3d 922 (1973). We are not persuaded that the minority view which the People urge us to adopt is desirable, and upon application of the long-established rule we hold that the information, which shows on its face that the alleged offense was committed beyond the limitations period, is defective in failing to allege facts which would invoke the exclusions provided in sections 3—7 and 3—8.

We consider next the People's contention that because

the information apprised defendant of the offense charged with sufficient particularity to enable him to prepare his defense and to plead the resulting conviction as a bar to future prosecution, we should, in testing its sufficiency, apply the rule enunciated in *People v. Pujoue* (1975), 61 Ill. 2d 335, and followed in *People v. Gilmore* (1976), 63 Ill. 2d 23. Unlike *Pujoue* and *Gilmore,* where the charging instruments were challenged for the first time on appeal, defendant, pursuant to the provisions of section 114—1 of the Code of Criminal Procedure, filed a pretrial motion attacking the sufficiency of the information and raised the question again in his post-trial motion. Under these circumstances *Pujoue* and *Gilmore* are inapposite, and we find no basis for their application here.

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*