THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
NATHANIEL LEE WILLIAMS, JR., Defendant-Appellant.

First District (5th Division)   No. 78-1713

Opinion filed December 21, 1979.

Ralph Ruebner and Susan Solovy, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Following a jury trial, defendant was convicted of armed robbery and sentenced to a term of 10 years. The single issue presented by

defendant on appeal is that his conviction should be reversed because the State did not commence prosecution within the three-year period of limitations and did not allege or prove any exception thereto.

OPINION

It is undisputed that the prosecution here was not commenced within three years, as required by statute (Ill. Rev. Stat. 1973, ch. 38, par. 3—5(b)), and that the indictment failed to allege a statutory tolling (Ill. Rev. Stat. 1973, ch. 38, par. 3—7). The State argues, however, that because no issue was raised in the trial court as to the statute of limitations, defendant is precluded from presenting it for the first time on appeal and, alternatively, it argues that under the standard for reviewing the validity of an indictment for the first time on appeal, the indictment here must now be considered to be valid.

Disparate views have been taken by the courts concerning the waiver of a statute of limitations, depending upon whether the statute is considered to be jurisdictional or an affirmative defense. Where the statute is treated as being jurisdictional, it has generally been interpreted to mean that it can be raised at any time before or after judgment. (See *United States v. Heath* (9th Cir. 1974), 509 F.2d 16; *People v. Megladdery* (1940), 40 Cal. App. 2d 748, 106 P.2d 84; *State v. Lynch* (1971), 82 N.M. 532, 484 P.2d 374.) However, where the statute is treated as an affirmative defense, the majority of courts held it to be waivable. See *United States v. Wild* (D.C. Cir. 1977), 551 F.2d 418, *cert. denied* (1977), 431 U.S. 916, 53 L. Ed. 2d 226, 97 S. Ct. 2178; Comment, *Waiver of the Statute of Limitations in Criminal Prosecutions*, 90 Harv. L. Rev. 1550 (1977); Comment, *The Statute of Limitations in a Criminal Case: Can it be Waived?* 18 Wm. & Mary L. Rev. 823 (1977). See also *Biddinger v. Commissioner of Police* (1917), 245 U.S. 128, 62 L. Ed. 193, 38 S. Ct. 41; *United States v. Kenner* (2d Cir. 1965), 354 F.2d 780, *cert. denied* (1966), 383 U.S. 958, 16 L. Ed. 2d 301, 86 S. Ct. 1223; *United States v. Parrino* (2d Cir. 1954), 212 F.2d 919, *cert. denied* (1954), 348 U.S. 840, 99 L. Ed. 663, 75 S. Ct. 46; *State v. Rosen* (1958), 52 N.J. Super. 210, 145 A.2d 158; *People v. Brady* (1939), 257 App. Div. 1000, 13 N.Y.S. 2d 789; *Commonwealth ex rel. Patterson v. Ashe* (1944), 154 Pa. Super. 397, 36 A.2d 249.

■■ ■ In Illinois, the jurisdiction of the circuit courts in criminal cases is not conferred by information or indictment; but, rather, by the provisions of section 9 of article VI of the 1970 Illinois Constitution, which provides that they have "original jurisdiction of all justiciable matters." (See *People v. Gilmore* (1976), 63 Ill. 2d 23, 26, 344 N.E.2d 456, 458.) In *Gilmore*, the court stated "[t]he circuit courts have jurisdiction in all cases involving offenses which fall within the ambit of section 1—5 of the Criminal Code

(Ill. Rev. Stat. 1975, ch. 38, par. 1—5)." (63 Ill. 2d 23, 26, 344 N.E.2d 456, 458.) Because the offense of armed robbery comes within the ambit of section 1—5, there is no question as to jurisdiction here. Thus, the application of the limitations statute becomes a matter of affirmative defense which may be waived.

■■ We turn then to the question as to whether there was a waiver of the statute here. Under section 114—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—1(a)), provision is made for the dismissal of an indictment, information or complaint upon the written motion of defendant made prior to trial for any of a number of reasons, including the fact that the prosecution was not commenced within the applicable period of limitations. Defendant in the instant case made no such motion, nor did he otherwise raise the statute of limitations in the trial court. Under such circumstances, it was held in *People v. Speller* (1977), 46 Ill. App. 3d 208, 211, 360 N.E.2d 1155, 1158, that "by his [defendant's] failure to raise the issue of expiration of the statute of limitations by written motion prior to trial, the defendant waived that issue. See section 114—1(a)(2) and 114—1(b) of the Code of Criminal Procedure * * *." On this same reasoning, we find that there was a waiver of the defense of the statute of limitations in the instant case.

Nevertheless, we should examine the sufficiency of the indictment under the rule enunciated in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, and followed in *People v. Gilmore*. In *Pujoue*, the court stated:

> "When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. [Citations.]" 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.

■■ The indictment in question charged that defendant, "by the use of force and by threatening the imminent use of force while armed with a dangerous weapon, took stereo equipment and an amount of United States currency (the exact amount of which is unknown to said Grand Jurors) from the person and presence of Robin Rachels, in violation of Chapter 38, Section 18—2, of the Illinois Revised Statutes 1973." Defendant does not argue that the indictment lacked necessary specificity, and we are of the belief that it sufficiently complied with the requirements of *Pujoue*.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.