THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DELLA STATON, Defendant-Appellant.

First District (4th Division)   No. 85—2163

Opinion filed March 19, 1987.

James J. Doherty, Public Defender, of Chicago (Mark Stein, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Christopher J. Cummings, and Mary Jo Montgomery Lydiksen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:
On December 29, 1983, the defendant, Della Staton, was charged by indictment with murder, armed robbery, and home invasion. (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(a)(3), 18—2(a), and 12—11(a)(2).) The indictment alleged that the offenses had been committed on December 30, 1976. Following a bench trial, the defendant was convicted of each crime and sentenced to a 20-year term for felony murder and 10-year concurrent terms for armed robbery and home invasion. On appeal the defendant contends that the failure of her court-appointed trial attorney to move to dismiss the armed robbery and home invasion charges on the grounds that they were barred by the statute of limitations deprived her of effective assistance of counsel.

The facts supporting the underlying charges are not at issue. On December 30, 1976, the victim, Charlotte Geter, was robbed and murdered in her apartment at 11727 South Church Street in Chicago. Seven years later, the defendant was charged and subsequently convicted of murder, armed robbery, and home invasion arising from the occurrence.

Armed robbery and home invasion are defined as felonies in the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 18—2(b), 12—11(b)) and thus prosecution of these offenses must be commenced within the limitation period set forth in section 3—5 (Ill. Rev. Stat. 1981, ch. 38, par. 3—5). Section 3—5 states:

"(a) A prosecution for murder, manslaughter, treason, arson, or forgery may be commenced at any time.

(b) Unless the statute describing the offense provides otherwise, or the period of limitation is extended by Section 3—6, a prosecution for any offense not designated in Subsection (a) must be commenced within 3 years after the commission of the offense if it is a felony, or within one year and 6 months after its commission if it is a misdemeanor."

Defendant contends that the failure of her court-appointed counsel to move to dismiss the indictment for armed robbery and home invasion premised upon the statute of limitations constituted ineffective assistance of counsel. We agree.

■■ Ineffective assistance of counsel is established by a showing of actual incompetence on the part of an attorney in carrying out his duties at trial which resulted in substantial prejudice to the defendant without which the outcome would probably have been different. (*People v. Neeley* (1980), 90 Ill. App. 3d 76, 79, 412 N.E.2d 1010.) A trial counsel's competency, however, will not be judged by a court of review on the basis of errors in judgment or trial strategy. *People v. Watson* (1981), 98 Ill. App. 3d 296, 300, 424 N.E.2d 329; *People v. Atkins* (1980), 81 Ill. App. 3d 661, 402 N.E.2d 383.

In the instant cause the armed robbery and home invasion charges were brought seven years after the offenses were committed. Our review of the record fails to disclose any circumstances which merit the extension of the limitation period (Ill. Rev. Stat. 1983, ch. 38, par. 3—6) and which tolls the limitation period (Ill. Rev. Stat. 1983, ch. 38, par. 3—7) or evidence that the failure to move to dismiss the charges premised upon the statute of limitations was based upon a cohesive trial strategy.

■ The State argues that the armed robbery and home invasion charges arose out of the underlying murder offense, which is not sub-

ject to a prosecutorial limitation period (Ill. Rev. Stat. 1983, ch. 38, par. 3—5(a)), and thus all of the charges were ripe for prosecution. The State's argument, however, is misplaced. Section 3—5(a) (Ill. Rev. Stat. 1981, ch. 38, par. 3—5(a)) precisely and unambiguously specifies the offenses that may be prosecuted at any time, *i.e.*, murder, manslaughter, treason, arson, and forgery (see *People v. Edwards* (1982), 105 Ill. App. 3d 822, 827, 434 N.E.2d 1179). Armed robbery and home invasion are not offenses included within section 3—5(a) and thus it must be assumed that a three-year limitation period is applicable to these offenses. (Ill. Rev. Stat. 1981, ch. 38, par. 3—5(b).) It is apparent that defense counsel's failure to move to dismiss the armed robbery and home invasion charges resulted in substantial prejudice to the defendant culminating in her conviction for these offenses. However, we note for purposes of clarity that the defendant does not take issue with her conviction and the sentence imposed for felony murder and that the record fails to disclose that defense counsel's oversight adversely affected the outcome of the trial court's finding or sentence with regard to this offense.

Accordingly, for the reasons set forth above, we affirm the judgment of the circuit court for murder but reverse the judgments for armed robbery and home invasion.

Affirmed in part; reversed in part.

McMORROW, P.J., and JOHNSON, J., concur.