THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD R. MEIER, Defendant-Appellant.

Fifth District    No. 5—90—0784

Opinion filed January 10, 1992.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dennis Middendorff, State's Attorney, of Carlyle (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Donald R. Meier, appeals from his conviction for aggravated criminal sexual assault after a stipulated bench trial in the circuit court of Clinton County. We reverse.

Defendant was arrested in July of 1990 pursuant to an investigation triggered by a letter from authorities in Georgia to the Clinton County State's Attorney accusing defendant of having sexually assaulted his 10-year-old stepdaughter sometime between December 1, 1986, and January 1, 1987, while the family was living in Illinois. The family had moved to Georgia in May of 1989, but by December of 1989, defendant had returned to Illinois. The criminal information filed on July 24, 1990, charged defendant with aggravated criminal sexual assault committed between the dates of December 1, 1986, and January 1, 1987. Following the denial of defendant's motion to suppress his confession, defendant agreed to stipulate to the prosecution's evidence. In exchange for this stipulation, the State recommended a minimum six-year sentence. The trial court accepted both the stipulation and the sentence.

Defendant raises two issues on appeal, one of which we need not address in light of our disposition of the first issue. Defendant's first issue is whether the information which shows on its face that the alleged offense was committed beyond the limitations period is fatally defective in failing to allege facts invoking exclusion from the statute of limitations. We find that it is.

■■ ■ A prosecution for aggravated criminal sexual assault must be instituted within three years of the commission of the offense. (Ill. Rev. Stat. 1989, ch. 38, par. 3—5(b).) The information presented here alleges dates clearly beyond this three-year period of limitations. The limitations period, however, may be extended in certain circumstances (see Ill. Rev. Stat. 1989, ch. 38, par. 3—6), at least three of which arguably may be applicable here, but such circumstances must be alleged in the information. (See *People v. Morris* (1990), 135 Ill. 2d 540, 543, 554 N.E.2d 150, 151; *People v. Munoz* (1974), 23 Ill. App. 3d 306, 308, 319 N.E.2d 98, 100.) The facts upon which an extension of the limitations period is sought are material allegations to the criminal charge which must not only be proved but must be pleaded as well. (*People v. Hawkins* (1975), 34 Ill. App. 3d 566, 569, 340 N.E.2d 223, 225; *Munoz*, 23 Ill. App. 3d at 308, 319 N.E.2d at 100.) As with the other elements which the State must prove, "[t]he grounds upon which the People seek to wrest from a defendant the protection [of the statute of limitations] should be stated in the information with sufficient specificity to enable him to defend against them." (*People v. Strait* (1978), 72 Ill. 2d 503, 506, 381 N.E.2d 692, 693.) Additionally, not only must the State set forth circumstances which, in and of themselves, would provide a basis for tolling a limitation period, but the State must make clear that those circumstances are in fact the ba-

sis upon which the State seeks to toll the limitations period. (*Morris*, 135 Ill. 2d at 547, 554 N.E.2d at 153.) This the State did not do. Because the prosecution failed to state the basis upon which it sought to extend the limitations period, the extended limitations period was not invoked, and defendant's conviction must be reversed. (*Morris*, 135 Ill. 2d at 548, 554 N.E.2d at 154.) We realize defendant is challenging the information for the first time on appeal. But, we believe the defect in the information here sufficiently prejudiced defendant in preparing his defense so as to require reversal in this instance. See *People v. Thingvold* (1991), 145 Ill. 2d 441, 448.

■ The State further asserts defendant has waived the issue by failing to raise the matter in a pretrial motion or in a motion in arrest of judgment. We, however, decline to apply the general waiver rule in this instance. We agree defendant received ineffective assistance of counsel with respect to the charging instrument and the statute of limitations. Ineffective assistance of counsel is established by showing counsel's representation fell below an objective standard of reasonableness which resulted in substantial prejudice to the defendant without which the outcome probably would have been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255.) Here, counsel's failure to move to dismiss the charges against defendant or to file a motion in arrest of judgment clearly resulted in substantial prejudice culminating in defendant's conviction. (See *People v. Grogan* (1990), 197 Ill. App. 3d 18, 22, 554 N.E.2d 665, 667; *People v. Staton* (1987), 154 Ill. App. 3d 230, 232, 507 N.E.2d 62, 64; *cf. People v. Wasson* (1991), 211 Ill. App. 3d 264, 569 N.E.2d 1321; *People v. Williams* (1979), 79 Ill. App. 3d 806, 398 N.E.2d 1013.) Looking at the record before us, we cannot say with sufficient certitude that the result probably would not have been different. For instance, even though it is quite possible that defendant was in another State for part of the limitations period, thereby tolling the statute, it is also quite possible that the limitations period still ran out prior to his being charged after defendant returned to Illinois. Moreover, an information which lacks all the elements necessary to charge an offense is vulnerable to attack at any time, including on appeal. (See *People v. Heard* (1970), 47 Ill. 2d 501, 505, 266 N.E.2d 340, 343; see also *Thingvold*, 145 Ill. 2d at 448.) Under the circumstances presented to us here, we are compelled to reverse defendant's conviction for aggravated criminal sexual assault. This does not mean to say, however, that the State is precluded from bringing other charges against defendant again, especially in light of the continuing pattern of incidents alleged to have occurred. (See *Thingvold*, 145 Ill. 2d at 450.) Additionally, as defendant

has not challenged the sufficiency of the evidence at trial, there is no double jeopardy. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375.

For the above-mentioned reasons, we reverse the judgment of the circuit court of Clinton County.

Reversed.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.