THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD COLEMAN, Defendant-Appellant.

Fifth District   No. 5—91—0081

Opinion filed June 7, 1993.

Leon G. Scroggins, of Granite City, and William A. Mudge, of Lucco, Brown & Mudge Law Offices, of Edwardsville, for appellant.

Henry Bergman, State's Attorney, of Carlyle (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, Donald Coleman, was convicted of committing the offense of indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4(a)(3)). The information charging the defendant with the offense was filed eight years after the defendant purportedly committed the crime. Defendant appeals, raising, among other things, the issue of whether the information filed May 14, 1990, charging him with indecent liberties with a child occurring between May 1, 1982, and October 1, 1982, should have been dismissed because the applicable statute of limitations had expired. The State counters that defendant waived this issue because he failed to move to dismiss on this ground before trial and failed to raise the issue in his post-trial motion.

■ The State cites *People v. Williams* (1979), 79 Ill. App. 3d 806, 398 N.E.2d 1013, and section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 114—1) in support of its position that a defendant who does not file a motion to dismiss alleging the expiration of the statute of limitations waives the issue. Section 114—1 of the Code of Criminal Procedure of 1963 provides that failure to file a timely motion to dismiss on any of the enumerated grounds waives that defense. *People v. Williams* (1979), 79 Ill. App. 3d 806, 398 N.E.2d 1013, held that the affirmative defense of the

statute of limitations is subject to waiver if not raised at trial. Defendant contends, however, that he did not waive the statute of limitations issue. Donald Coleman's pretrial motion to dismiss, while not specifically containing the words "statute of limitations," does challenge the fact that the information was filed eight years after the alleged offense occurred:

"2. That the constitution[s] of the United States and the State of Illinois prohibits [sic] the bring [sic] of a charge of the magnitude represented by this charge for a period of time the duration [sic] represented by this charge.

3. That the defendant cannot be expected to adequately defend the charge ***."

At the hearing regarding the motion to dismiss, counsel both for the defendant and the State argued for and against the applicability of the extended statute found in section 3—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 3—6). Moreover, in his post-trial motion defendant alleged that he "could not adequately defend the information presented to him in this cause when confronted by the testimony of the witnesses and the time frame set forth therein." In view of these facts, we conclude that the defendant did not waive the statute of limitations issue.

■ We now turn to whether the information charging defendant should have been dismissed. The information, filed May 14, 1990, alleges that Coleman committed lewd fondling of a child under the age of 16 in the period between May 1, 1982, and October 1, 1982. It is undisputed that the general limitations statute applicable to this case provides:

"General Limitations. (a) A prosecution for first degree murder, second degree murder, involuntary manslaughter, reckless homicide, treason, arson, or forgery may be commenced at any time.

(b) Unless the statute describing the offense provides otherwise, or the period of limitation is extended by Section 3—6, a prosecution for any offense not designated in Subsection (a) must be commenced within 3 years after the commission of the offense if it is a felony, or within one year and 6 months after its commission if it is a misdemeanor." (Ill. Rev. Stat. 1991, ch. 38, par. 3—5.)

We note that the provisions of section 3—5 pertinent to this case have not changed since the time of defendant's alleged criminal conduct. Giving the prosecution the benefit of a doubt, in view of section 3—5, we will assume the statute of limitations for Coleman's offense ex-

pired on October 1, 1985, three years after the last alleged act. The question then arises, can defendant be charged with the alleged criminal conduct *after* the statute of limitations had expired. The State argues that section 3—6 of the Criminal Code of 1961 (the Code) extended the time for charging defendant.

■ Section 3—6 of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 3—6) provides for extensions of the statute of limitations for certain crimes. However, sections 3—6(c) and 3—6(d), extending the statute of limitations applicable to the type of offense defendant is charged with in this case, did not become effective until January 1, 1986. (Pub. Acts 84—169, 84—506, eff. January 1, 1986.)

"Extended limitations. The period within which a prosecution must be commenced under the provisions of Section 3—5 or other applicable statute is extended under the following conditions:

               * * *

(c) A prosecution for any offense involving sexual conduct or sexual penetration *** where the victim and defendant are family members *** may be commenced within one year of the victim attaining the age of 18 years.

(d) A prosecution for child pornography, indecent solicitation of a child *** may be commenced within one year of the victim attaining the age of 18 years. However, in no such case shall the time period for prosecution expire sooner than 3 years after the commission of the offense. When the victim is under 18 years of age, a prosecution for criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse or aggravated criminal sexual abuse may be commenced within one year of the victim attaining the age of 18 years. However, in no such case shall the time period for the prosecution expire sooner than 3 years after the commission of the offense." (Ill. Rev. Stat. 1991, ch. 38, par. 3—6.)

The effective date of the extended limitations period for the type of offense with which defendant was charged was three months after the expiration of the three-year statute of limitations period applicable to defendant under section 3—5.

The facts upon which an extension of the limitations period is sought are material allegations to the criminal charge which not only must be proved but must be pleaded as well. (*People v. Meier* (1992), 223 Ill. App. 3d 490, 491, 585 N.E.2d 232, 234; *People v. Hawkins* (1975), 34 Ill. App. 3d 566, 340 N.E.2d 223; *People v. Munoz* (1974), 23 Ill. App. 3d 306, 319 N.E.2d 98.) The information here is devoid of

any facts or allegations which would bring it under the extended limitations provisions of section 3—6. We find the information, which shows on its face that the alleged offense was committed beyond the limitations period and outside the scope of the extension provisions of section 3—6, is fatally defective.

■ The State asserts that in this case there was testimony that the illegal conduct was ongoing from 1980 until 1985. The State argues that, given this testimony, the general limitations period would not have expired until three years after 1985. Because the extended statute of limitations became effective in 1986, the State contends, it could have charged the defendant with the alleged criminal offense without being subject to an objection that the statute of limitations had expired. We find the State's argument to be without merit. As previously set forth, the facts upon which an extension of the limitations period is sought are material allegations to the criminal charge which not only must be proved but must be pleaded as well. (*Meier*, 223 Ill. App. 3d at 491, 585 N.E.2d at 234.) In addition, the grounds upon which the State seeks "to wrest from a defendant the protection *** of the [statute of limitations] should be stated in the information with sufficient specificity to enable him to defend against them." *People v. Strait* (1978), 72 Ill. 2d 503, 506, 381 N.E.2d 692, 693.

■ The State also suggests that sections 3—6(c) and 3—6(d) should be applied retroactively in this case. We find no merit to this argument, as it is generally recognized that the legislature may not extend a statute of limitations for criminal offenses if the defendant has acquired, as of the effective date of the extension, a right to acquittal through the running of the original statute. See *People v. Anderson* (1973), 53 Ill. 2d 437, 292 N.E.2d 364.

In light of our disposition, we need not reach the other issues defendant raises on appeal. For the reasons stated, the judgment of the circuit court of Clinton County is reversed, this cause is remanded, and the circuit court is instructed to dismiss the information.

Reversed and remanded with directions.

WELCH and GOLDENHERSH, JJ., concur.