THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGER D. SIFFORD, Defendant-Appellant.

Third District   No. 3—92—0781

Opinion filed July 23, 1993.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Roger D. Sifford, pleaded guilty to indecent liberties with a child and was sentenced to a term of eight years' imprisonment. He appeals. After reviewing the record and considering the defendant's arguments, we reverse his conviction.

On August 30, 1990, the defendant was charged with two counts of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, pars. 12—14, 12—16).

On September 5, 1990, the State filed an amended information to reflect the law in effect at the time of the alleged conduct. The amended information charged the defendant with two counts of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4). It specifically alleged that the defendant committed one act of deviate sexual conduct in April 1984 and a second act between the summer of 1983 and the summer of 1984.

Following the imposition of sentence, the defendant wrote a letter to the trial judge stating that he wanted to appeal. The trial judge reappointed the defendant's trial counsel. Defense counsel subsequently filed a motion to withdraw the guilty plea.

On October 6, 1992, a hearing was held on the motion. During his testimony, the defendant referred to an *ex post facto* violation. In arguing the motion, defense counsel stated that what the defendant meant by *ex post facto* was that the statute of limitations had run as to the indecent liberties charges. Defense counsel went on to state:

"And today—I don't remember; I thought I had checked that at one time—and now Judge McReynolds, but then the Public Defender, began representing him at the time when I think those analyses would have probably been made, and I notice that the amendment was made with the consent of the defendant to the Class 1, which, of course, benefits him."

At the conclusion of the hearing, the trial court denied the defendant's motion to withdraw the guilty plea.

On appeal, the defendant argues that he received ineffective assistance of counsel because he pleaded guilty to indecent liberties with a child after the statute of limitations for that offense had expired. We agree with the defendant's argument.

■ The present statute of limitations for criminal offenses provides that for a handful of specified offenses, there is no limi-

tation period. (Ill. Rev. Stat. 1991, ch. 38, par. 3—5(a).) Otherwise, there is a three-year limitation period for all other unspecified felonies, unless the limitation period is extended by section 3—6 of the Criminal Code of 1961. (Ill. Rev. Stat. 1991, ch. 38, par. 3—5(b).) The part of section 3—6 pertinent to the case at hand states:

> "When the victim is under 18 years of age, a prosecution for criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse or aggravated criminal sexual abuse may be commenced within one year of the victim attaining the age of 18 years." Ill. Rev. Stat. 1991, ch. 38, par. 3—6(d).

The defendant contends that because indecent liberties with a child is not specifically listed as an offense that is subject to an extended statute of limitations, the limitation period for his crime was three years. Consequently, the defendant argues that the applicable limitation period had expired when the defendant was charged. Again, we agree.

In response, the State argues that the legislature properly extended the statute of limitations for the charged offenses. The State submits that when section 3—6(d) took effect on August 15, 1986, the statute of limitations for the charged offenses had not expired. The State therefore contends that the extension was proper because the legislature has the power to extend the statute of limitations for an offense so long as the extension is accomplished prior to the expiration of the original limitations period. (*People v. Anderson* (1973), 53 Ill. 2d 437, 292 N.E.2d 364.) The State concedes that indecent liberties is not specifically listed in section 3—6(d). However, it submits that the extension was applied to indecent liberties through section 27 of Public Act 83—1067 (Pub. Act 83—1067, §27, eff. July 1, 1984), which states:

> "The provisions of this amendatory Act insofar as they are the same or substantially the same as those of any prior statute, shall be construed as a continuation of such prior statute and not as a new enactment."

See Ill. Rev. Stat. 1991, ch. 38, par. 12—12.

We are not persuaded by the State's argument. Here, the statutory language in sections 3—5 and 3—6 is certain and unambiguous. Therefore, we do not need to look elsewhere to discern the clear meaning of the statute. The statute must be applied as its plain language dictates. *People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674.

Indecent liberties is *not* one of the specified offenses listed in section 3—5(a), *nor* is it listed in section 3—6(d) as an offense having an extended statute of limitations. (See *People v. Strait* (1977), 52 Ill. App. 3d 599, 367 N.E.2d 768.) Further, for the purposes of this appeal, we do not view any of the crimes enumerated in section 3—6(d) as a continuation of the indecent liberties charge. In this regard, we note that the State's argument was implicitly rejected in the following cases, which held that the criminal sexual assault and abuse law of 1984 substantially changed the law governing sex offenses in Illinois. *People v. Blake* (1991), 221 Ill. App. 3d 586, 582 N.E.2d 183; *People v. Fisher* (1985), 135 Ill. App. 3d 502, 481 N.E.2d 1233.

The State further argues that defense counsel made a tactical decision not to raise a statute of limitations defense to the indecent liberties charge. In support of its argument, the State claims that the defendant could have been charged with a Class X felony for aggravated criminal sexual assault instead of the Class 1 felony of indecent liberties with a child.

■ The statute creating the offense of aggravated criminal sexual assault took effect on July 1, 1984. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14.) However, the amended information states that the defendant's crimes occurred between the summer of 1983 and the summer of 1984. In addition, the State did not charge aggravated criminal sexual assault in the amended information. Based on the foregoing, we disagree with the State's contention that "it is quite likely that the last offense occurred after July 1, 1984."

We further note that the decision to waive the statute of limitations must be knowingly made by the defendant and *not* by his attorney. (*People v. Brocksmith* (1992), 237 Ill. App. 3d 818, 604 N.E.2d 1059.) At the hearing on the motion to withdraw the guilty plea, the defendant testified that he thought he had been wrongfully punished under an *"ex post facto"* law. Based on the record, it is apparent that the defendant did not concur in his attorney's decision to waive the statute of limitations.

In addition, defense counsel did not expressly tell the court that a tactical decision was made to waive the statute of limitations. Counsel stated at the October 6, 1992, hearing that he thought he had "checked that at one time," but he apparently could not recall what he had discovered. Counsel further noted that another attorney had represented the defendant "at the time when I think those analyses would have probably been made."

Therefore, after reviewing the record, it is unclear that the defendant's attorney ever acquired sufficient information to make a tactical decision to waive the statute of limitations. Additionally, the record is clear that such a tactical decision was never discussed with the defendant.

In conclusion, we note that in order for a defendant to prevail on a claim of ineffective assistance of counsel, he must establish that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

Here, it is clear that the statute of limitations had expired for the offense of indecent liberties with a child. Also, the defendant could not have been legally prosecuted for the offenses of aggravated criminal sexual assault or aggravated criminal sexual abuse. Since the defendant was prosecution-proof, we cannot discern *any* trial strategy which would require the defendant to plead guilty to these offenses. Accordingly, we determine that the defendant was denied his constitutional right to effective assistance of counsel. Consequently, we reverse the defendant's conviction for indecent liberties. As a result of our resolution of this issue, the defendant's other arguments are moot.

For the reasons indicated, the decision of the circuit court of Henry County is reversed.

Reversed.

STOUDER and SLATER, JJ., concur.