THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MERLIN WELTY, JR., Defendant-Appellant.

Second District    No. 2—94—0180

Opinion filed September 11, 1995.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Following a bench trial which ended on February 9, 1993, defendant, Merlin Welty, Jr., was convicted of three counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)(i) (now 720 ILCS 5/12—16(c)(1)(i) (West 1992))). On April 2, 1993, the trial court sentenced defendant to 48 months' probation conditioned on serving 12 months' periodic imprisonment, during which time he was initially to be released only for counseling; he was also ordered to pay a $300 fine. The court denied day-for-day credit for the time defendant had already been confined in the county jail. The court later denied defendant's motions to modify his sentence and to reconsider. Defendant filed this appeal on February 10, 1994, challenging only the propriety of the sentence. We reverse the sentencing order to the extent that it is now erroneous and remand the cause for the entry of a corrected final sentencing order; we affirm the court's judgment in all other respects.

Defendant argues first that the trial court erred in denying him day-for-day credit for time previously spent in jail against his sentence of periodic imprisonment (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b) (now 730 ILCS 5/5—8—7(b) (West 1994))). In seeking alternative relief, he also argues that his sentence was improper where he only spent some six hours out of confinement during the first 90 days of his term and he was confined for more than 90 days. According to defendant, the court, in effect, incorrectly sentenced him to more than 90 days "straight" imprisonment because the Unified Code of Corrections (Code) prohibits a court from imposing a sentence of periodic imprisonment in conjunction with a sentence of imprisonment in excess of 90 days (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(c) (now 730 ILCS 5/5—7—1(c) (West 1992))). On this basis, defendant seeks the vacatur of any remaining sentence of periodic imprisonment. In his alternative argument, defendant asserts that the court erred by failing to specify the days or parts of days that defendant was to be confined in periodic imprisonment. See Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(e) (now 730 ILCS 5/5—7—1(e) (West 1992)); *People v. Chernetti* (1994), 257 Ill. App. 3d 742, 746 (cause remanded for court to specify conditions of periodic imprisonment).

We have not been made aware of any clear and controlling authority in this jurisdiction precisely addressing the first issue raised by defendant. We believe that the trial court erred in not giving defendant day-for-day credit for the time served in confinement prior to sentencing against the time to be served in periodic imprisonment. According to defendant's present calculations, he was confined to jail for a total of 78 days from the date of arrest to and including the day of sentencing.

The record indicates that defendant was arrested on November 6, 1992. He was released only after posting a cash bond on November 30, 1992. After defendant was convicted on February 9, 1993, the court revoked his bond and remanded him to the county jail the same day. Defendant was sentenced on April 2, 1993.

On July 23, 1993, defendant filed a "Motion for Release," alleging that he had been released for counseling for only a total of six hours from "periodic" imprisonment since his sentencing on April 2, 1993, and that he was in effect serving a sentence of "straight" imprisonment rather than periodic imprisonment—particularly where the court did not specify the dates and times of release and where he was not being given credit for time previously spent in jail. He claimed to have already served the full term allowed by statute.

On August 2, 1993, the trial court transferred defendant *instanter*

into the county work release program for the remainder of his term of periodic imprisonment; his motion for release was otherwise denied. On January 14, 1994, defendant filed a "Motion to Modify" probation, arguing that he was entitled to day-for-day credit of 76 days for time spent in custody prior to sentencing and for a $5-per-day credit against his fine. On that date, Judge Michael Fritz granted defendant a furlough from custody pending a hearing on the motion.

On February 4, 1994, Judge Christopher C. Starck heard defendant's motion to grant credit for time served, but concluded that there was no authority requiring that credit be given against periodic imprisonment and denied the motion. Defendant's furlough was continued to February 7, 1994, when he was to return to work release. On February 10, 1994, defendant filed a motion to reconsider which the court denied. His motion to stay the remainder of his term of periodic imprisonment was also denied. On the same date, defendant filed his notice of appeal. On March 1, 1994, this court stayed the sentence pending disposition of the appeal.

■ We consider whether a defendant who spends time in custody prior to trial or sentencing as a result of the offense for which the sentence is imposed is entitled to day-for-day credit against a sentence of periodic imprisonment in accordance with the general statutory provision governing the calculation of the term of a sentence. Section 5—8—7(b) of the Code states in pertinent part:

"(b) *The offender shall be given credit on the determinate sentence* or maximum term and the minimum period of imprisonment *for time spent in custody as a result of the offense for which the sentence was imposed,* at the rate specified in Section 3—6—3 of this Code. The trial court may give credit to the defendant for time spent in home detention." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b) (now 730 ILCS 5/5—8—7(b) (West 1994)).

Pursuant to the above section, a defendant ordinarily receives day-for-day credit for time previously served in custody. "The purpose of the credit-against-sentence provision is to ensure that defendants do not ultimately remain incarcerated for periods in excess of their eventual sentences." (*People v. Ramos* (1990), 138 Ill. 2d 152, 159.) This credit provision is mandatory, and its objective is to account for all the time served in confinement for a particular offense. (*People v. Scheib* (1979), 76 Ill. 2d 244, 252.) This type of provision is also intended to prevent the State from depriving a defendant of credit for jail time through technical evasions such as by dropping an initial charge and recharging a defendant with another crime with the intent of denying credit for time spent in jail on the first charge.

*People v. Townsend* (1991), 209 Ill. App. 3d 987, 989-90; see Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(c) (now 730 ILCS 5/5—8—7(c) (West 1994)).

In interpreting section 5—8—7(b) of the Code, our supreme court has pointed out that a construction of the statute is to be avoided if it would raise legitimate doubts as to the constitutional validity of the statute. See *Scheib,* 76 Ill. 2d at 252-53 (avoiding construction vulnerable to double jeopardy claims where the failure to give credit would otherwise result in multiple punishments for the same offense or punishment would exceed penalty provided by statute); see also *State v. Richards* (Utah 1987), 740 P.2d 1314 (failure to grant credit against maximum sentence for presentence incarceration due to defendant's inability to post bail violates equal protection clause).

In *People v. Lemons* (1992), 229 Ill. App. 3d 645, the trial court gave the defendant seven days' credit for time spent in the county jail against his sentence of periodic imprisonment, but did not give the defendant *per diem* credit against his fine. On appeal, the defendant contended he was also entitled to a $35 credit against his fine for the seven days he spent in jail prior to posting bond. The reviewing court agreed, stating that a "defendant who is in custody on a bailable offense and receives a sentence of imprisonment and a fine is entitled to both credit against the imprisonment sentence for each day served and a $5-per-day credit against the fine." (*Lemons,* 229 Ill. App. 3d at 652.) The statement regarding the credit against periodic imprisonment is arguably *dictum.* The court did not distinguish between imprisonment and periodic imprisonment. However, the decision gives tacit approval to the practice of giving day-for-day credit for time spent in jail even where the imprisonment is "periodic." See, *e.g., People v. Day* (1990), 202 Ill. App. 3d 536, 537-38; *People v. Sharp* (1989), 185 Ill. App. 3d 340, 343.

In *People v. Smith* (1993), 242 Ill. App. 3d 399, a defendant was sentenced to four years' intensive probation and was ordered to serve a term of periodic imprisonment of 24 consecutive weekends with credit for 31 days spent in custody prior to sentencing. The reviewing court implicitly found that this type of credit was permissible when it considered what credits were available to the defendant when he was later resentenced for violating the terms of his probation. *Smith,* 242 Ill. App. 3d at 406-08.

Section 5—8—7(b) commands that an offender be given credit against a determinate sentence "for time spent in custody as a result of the offense for which the sentence [is] imposed." (730 ILCS 5/5—8—7(b) (West 1994).) On its face, this section does not appear specifically to prohibit granting day-for-day credit against "periodic"

imprisonment as opposed to "straight" imprisonment. We are aware, however, that the legislature has specifically chosen to exclude "good time" credit (credit earned for good conduct during incarceration) against periodic imprisonment in section 5—7—1(d) of the Code. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(d) (now 730 ILCS 5/5—7—1(d) (West 1992)).) Because of this provision, the State suggests that ordinary day-for-day credit should be treated similarly to earned good time credit, but does not elaborate further or explain why the two types of credit must be treated similarly. Instead, the State merely cites to *People v. Haynes* (1976), 41 Ill. App. 3d 369. We will therefore not consider this inadequate "argument" further.

■ Unless a particular context requires a different meaning (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—1—1 (now 730 ILCS 5/5—1—1 (West 1992))), "imprisonment" means "incarceration in a correctional institution under a sentence of imprisonment and does not include 'periodic imprisonment' under Article 7." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—1—10 (now 730 ILCS 5/5—1—10 (West 1992))). A sentence of periodic imprisonment is defined as:

> "*a sentence of imprisonment* during which the committed person may be released for periods of time during the day or night or for periods of days, or both, or if convicted of a felony, other than first degree murder, a Class X or Class 1 felony, committed to any county, municipal, or regional correctional or detention institution or facility in this State for such periods of time as the court may direct." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(a) (now 730 ILCS 5/5—7—1(a) (West 1992)).)

Periodic imprisonment is a definite or determinate sentence. Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(d) (now 730 ILCS 5/5—7—1(d) (West 1992)).

Section 5—7—1(b) of the Code enumerates various purposes to be served in imposing a term of periodic imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(b) (now 730 ILCS 5/5—7—1(b) (West 1992)).) Depending on certain prescribed conditions, a defendant serving a term of periodic imprisonment may be committed to the sheriff or superintendent of the House of Corrections or workhouse, or to the Department of Corrections. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—7—3(a), (b) (now 730 ILCS 5/5—7—3(a), (b) (West 1992)).) Periodic imprisonment can thus be viewed as a species of imprisonment with certain conditions attached, and a term of periodic imprisonment can itself be credited against a term of straight imprisonment. When a defendant is resentenced after his sentence of periodic imprisonment is revoked for violating the terms of the sentence, the statutory scheme mandates that: "[t]hat part of the term *** which has been

served under the sentence of periodic imprisonment shall be credited against a sentence of imprisonment." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—2(c) (now 730 ILCS 5/5—7—2(c) (West 1992)); see *Scheib*, 76 Ill. 2d at 255.) In this part of the statutory scheme, the legislature has equated periodic imprisonment with regular imprisonment for the purpose of giving a defendant credit for time previously served.

"When construing a statute, courts must ascertain and give effect to the legislature's intent," and ordinarily "the statutory language is the best indicator of legislative intent, and when that language is clear and unambiguous, courts will not read into the statute exceptions, limitations or conditions." (*People v. Magnus* (1994), 262 Ill. App. 3d 362, 365-66.) Ambiguity exists when a statute is capable of being understood by reasonably well-informed persons in two or more different senses. (*Magnus*, 262 Ill. App. 3d at 366.) The slightest ambiguity in a penal statute which calls for the enhancement of a penalty requires the application of a rule of lenity and the construction of the statute strictly in favor of the defendant. (See *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 374.) In construing a statute, the rules of interpretation are used to determine the intent of the statute by examining not only the language employed but also the evil to be remedied and the objective to be accomplished. (*People v. Williams* (1969), 116 Ill. App. 2d 332, 338.) The rules of interpretation are used to resolve ambiguities, " 'and the entire section and act must be read together and so construed as to make it harmonious and consistent in all its parts.' " *Williams*, 116 Ill. App. 2d at 338, quoting *People ex rel. Roan v. Wilson* (1950), 405 Ill. 122, 127-28.

■ In the absence of a more explicit statutory prohibition denying day-for-day credit against periodic imprisonment for time served as a result of a given offense, we are loathe to create an exception to the credit provision by implication. (See *Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363 (exemption or exception cannot be read into a legislative act where none is specified or can be inferred by clear implication).) When the legislature chose to deny "good time" credit for periodic imprisonment, it did so through an express provision. It could also have done so regarding day-for-day credit. In attempting to harmonize the parts of this statutory scheme, we fail to see why credit for pretrial or presentence confinement should not logically be given against time spent in "periodic" as well as "straight" imprisonment, particularly where the scheme mandates that time served in periodic imprisonment must be credited against "straight" imprisonment upon revocation of probation. Section 5—8—7(b) of the Code appears to require that credit be given against a "determinate sentence" for the time previously "spent in custody,"

unless one focuses (unduly, we think) on the alternative qualifier "or maximum term and the minimum period of imprisonment." The term "imprisonment" can be viewed as an alternative qualifier which in its strictest sense means "straight" imprisonment. However, the term "imprisonment" can also have a more general sense, which includes the species periodic imprisonment.

Since the statutory scheme regarding credit for time served is susceptible of more than one construction, we believe that the rules of lenity and strict construction in favor of the accused should be observed. In the absence of further guidance from our supreme court or the legislature, we construe section 5—8—7(b) of the Code so as not to increase unjustly the penalty against defendant (see *Magnus*, 262 Ill. App. 3d at 367-68). We hold that day-for-day credit must be given to defendant for pretrial or presentencing custody against the later sentence of periodic imprisonment imposed for the offense.

In arriving at our decision, we have considered the purposes of the credit provisions, which are to account for all the time served in confinement for a particular offense and to ensure that a defendant does not ultimately remain incarcerated for periods of time in excess of the eventual sentence. Because of the latent ambiguities in the statutory scheme and the apparent potential for inconsistent and therefore unjust application, we have chosen a construction which we believe avoids legitimate doubts regarding its constitutional validity. See *Scheib*, 76 Ill. 2d at 252-55; see also *Mueller v. Board of Fire & Police Commissioners* (1994), 267 Ill. App. 3d 726, 731, 733 (court will avoid construction which results in absurdity, inconvenience, injustice, or renders operation of law difficult and will prefer one which produces consistency in the application of the statute).

In view of the foregoing determination, we remand the cause for the trial court to consider evidence, if necessary, to determine the precise number of days or parts of days which defendant spent in custody prior to trial and sentencing and to give credit for those days against the *duration of the term* of periodic imprisonment imposed in his sentence. (See *Scheib*, 76 Ill. 2d at 255.) When credit for periodic imprisonment is given against a sentence of straight imprisonment, it is calculated on the basis of that portion of the duration of the *term* of the periodic imprisonment that has been served rather than on the actual days spent in confinement. (See *Scheib*, 76 Ill. 2d at 255.) There is no reason why the reverse should not also hold true so that actual days in confinement will be credited against the portion of the term of periodic imprisonment that was later imposed. (But see *Smith*, 242 Ill. App. 3d at 405-07 (court declined to rule on which method was correct).) In calculating the days previously spent in

custody for credit purposes, both the first and the last days are counted if any part of the day was spent in custody. *People v. Hutchcraft* (1991), 215 Ill. App. 3d 533, 534-35.

On remand, the trial court shall take into consideration the number of furlough days (alleged here to be 18 days) in calculating the time served. The record is not crystal clear on the precise number of days served in custody or on furlough. There are slight discrepancies, probably due to the method of calculation. However, from the record before us, it is clear to us that, after the number of days served before sentencing is credited against the one-year periodic sentence, defendant has in fact served a number of days well in excess of his one-year periodic term. This proving to be so, the trial court shall enter a corrected dispositional order in the record showing the days served and the days credited and shall then discharge defendant from further periodic imprisonment. The remainder of the court's judgment is affirmed in all other respects.

In view of the above disposition, we do not consider defendant's alternative argument that the sentence was improper and any remainder should be vacated because the alleged "straight" time served exceeded the 90 days permitted in conjunction with periodic imprisonment under section 5—7—1(c) of the Code (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(c) (now 730 ILCS 5/5—7—1(c) (West 1992))).

The judgment of the circuit court of Lake County is affirmed in part and reversed in part, and the cause is remanded with directions.

Affirmed in part; reversed in part and remanded with directions.

McLAREN, P.J., and RATHJE, J., concur.