THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STAN-
LEY BERG, Defendant-Appellee.

Second District    No. 2—95—0381

Opinion filed January 18, 1996.

THOMAS, J., concurring.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers
and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's
Office, of counsel), for the People.

Robert P. Ritacca, of Ritacca & Potkonjak, of Waukegan, and Gary S. Tucker, of Law Offices of Gary S. Tucker, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Stanley Berg, was charged by indictment on January 18, 1995, with one count of arson (720 ILCS 5/20—1(b) (West 1994)) and four counts of aggravated arson (720 ILCS 5/20—1.1(a) (West 1994)) in connection with a fire to a residence that occurred on November 16, 1988, in Lake Bluff, Illinois. The State appeals from the circuit court's order of February 28, 1995, granting defendant's motion to dismiss the aggravated arson counts because the prosecution of these charges was barred by the three-year statute of limitations governing felonies generally (see 720 ILCS 5/3—5(b) (West 1994)). We affirm and remand.

On appeal, the State contends that, under section 3—5(a) of the Criminal Code of 1961 (Code), aggravated arson is a type of arson the prosecution of which may be commenced at any time under the specific section of the limitations statute which, at the time of the court's ruling, provided: "A prosecution for first degree murder, second degree murder, involuntary manslaughter, reckless homicide, treason, arson, or forgery may be commenced at any time." (720 ILCS 5/3—5(a) (West 1994).) The State argues that arson is a lesser included offense of aggravated arson and, thus, defendant should be deemed timely prosecuted for the greater offense of aggravated arson under this particular statute—notwithstanding that the offense of aggravated arson is not enumerated in this statute.

■ As the trial court did, we decline to read into section 3—5(a) an offense which the legislature has not specifically enumerated there. Section 3—5(b) of the Code states:

"Unless the statute describing the offense provides otherwise, or the period of limitation is extended by Section 3—6, *a prosecution for any offense not designated in Subsection (a) must be commenced within 3 years after the commission of the offense if it is a felony*, or within one year and 6 months after its commission if it is a misdemeanor." (Emphasis added.) (720 ILCS 5/3—5(b) (West 1994).)

Other provisions of the statutory scheme that would extend the time for prosecution beyond the usual three-year period are inapplicable. Sections 3—5(a) and 3—5(b) have previously been determined to be precise and unambiguous because they specify the particular offenses that may be prosecuted at any time, and we see no reason to change these unambiguous legislative enactments by construction, implication, or interpretation. See *People v. Edwards* (1982), 105 Ill. App. 3d 822, 827.

In several decisions, the appellate court has declined to engraft related offenses to the list of offenses enumerated in section 3—5(a). In *People v. Edwards*, the court rejected the State's argument that attempted murder was so similar to murder that it should be governed by section 3—5(a) rather than section 3—5(b). (*Edwards*, 105 Ill. App. 3d at 826-27.) The court reasoned that the provisions were precise and unambiguous. In support of its conclusion regarding the clear intent of the legislature to include only those offenses specifically enumerated, the *Edwards* court noted that the legislature had chosen to include manslaughter in section 3—5(a) even though it was a lesser included offense of murder. (*Edwards*, 105 Ill. App. 3d at 826-27.) This signified to the court that the legislature did not believe that specifying murder alone implicitly included manslaughter within its meaning. The *Edwards* court then concluded that attempted murder was a felony governed by the usual three-year limitations period of section 3—5(b) of the Code. *Edwards*, 105 Ill. App. 3d at 826.

In *People v. Sifford* (1993), 247 Ill. App. 3d 562, the reviewing court found the statutory language of section 3—5 (as well as section 3—6) of the Code certain and unambiguous and declined to look elsewhere to discern the clear meaning of the statute, but applied the statute as its plain language dictated. The *Sifford* court determined that indecent liberties was not one of the offenses specifically listed in section 3—5(a), nor one listed in section 3—6(d) of the Code as an offense having an extended statute of limitations. (*Sifford*, 247 Ill. App. 3d at 564-65.) Section 3—6(d) extended the limitations period to within one year of the victim's attaining the age of 18 years (but in no case would the period for prosecution expire sooner than three years after the commission of the offense), when the victim was under 18 years of age at the time of the offense and where the prosecution was for criminal sexual assault, criminal sexual abuse or aggravated criminal sexual abuse, child pornography, indecent solicitation of a child, soliciting of a juvenile prostitute, juvenile pimping, or exploitation of a child. Ill. Rev. Stat. 1991, ch. 38, par. 3—6(d) (now 720 ILCS 5/3—6(d) (West 1994)).

In *People v. Staton* (1987), 154 Ill. App. 3d 230, the State argued that armed robbery and home invasion charges arose out of an underlying murder offense which was not subject to a prosecutorial limitations period under section 3—5(a) and thus, all of the charges were ripe for prosecution even though they were brought seven years after the offenses were committed. The reviewing court rejected this argument, pointing out that the armed robbery and the home invasion were not offenses included within section 3—5(a), which was

precise and unambiguous; thus the three-year limitations period for felonies found in section 3—5(b) was applicable. *Staton*, 154 Ill. App. 3d at 231-32.

When courts examine the meaning of a statutory provision, their objective is to ascertain and give effect to the legislature's intent, and, typically, the statutory language is the best indicator of the legislative intent; when that language is clear and unambiguous, courts will not read into the statute exceptions, limitations, or conditions. (*People v. Magnus* (1994), 262 Ill. App. 3d 362, 365-66.) Even "[t]he slightest ambiguity in a penal statute which calls for the enhancement of a penalty requires the application of a rule of lenity and the construction of the statute strictly in favor of the defendant." (*People v. Welty* (1995), 275 Ill. App. 3d 10, 16.) Where the language of the statute is clear and unambiguous, " 'it will be given effect without resorting to other aids for construction.' " *People v. Boykin* (1983), 94 Ill. 2d 138, 141, quoting *People v. Robinson* (1982), 89 Ill. 2d 469, 475-76.

■ Here, the language of the statute is clear and unambiguous, and we need not resort to other aids of construction beyond the plain language of the statute—particularly when doing so would increase the seriousness of the offense. It is not for this court to tinker with a clearly written statute and supply terms which the legislature may (or may not) have intentionally omitted. We are reluctant to read into the statute any offenses other than those specifically enumerated there and, in the process, invade the province of the legislature. Concluding otherwise would tend to undermine the statutory scheme the legislature has devised and would invite judicial legislation through interpretations not now contemplated by the statutory provisions; courts would be regularly called upon to analyze the elements of each offense to determine the appropriate statute of limitations, enlarging the probability of unpredictable results and conflicting interpretations. We therefore adhere to the "plain language" rule. Courts will avoid a construction of a statute if it creates constitutional difficulties, absurdity, inconvenience, or injustice, or renders the operation of the law difficult or produces inconsistencies in its application. See *Welty*, 275 Ill. App. 3d at 17.

The establishment of limitations periods for specific crimes is properly left to the legislature, which has already chosen to act in this situation, based on its determination of what the public policy of this State should be with respect to specific crimes. The purpose of a statute of limitations is to protect individuals from stale prosecutions by having to defend themselves against criminal charges when the basic facts have become obscured by the passage of time, to minimize

the danger of punishment for conduct in the far-distant past, and to encourage law enforcement officials to investigate suspected criminal conduct promptly. *People v. Strait* (1978), 72 Ill. 2d 503, 506.

The legislature has recently added concealment of a homicidal death and aggravated arson to the list of crimes which can be prosecuted any time under section 3—5(a). (Pub. Act 89—8, eff. January 1, 1996 (amending 720 ILCS 5/3—5(a) (West 1994)).) The addition of these offenses to those enumerated in section 3—5(a) further supports our view that the legislature had not previously deemed aggravated arson one of the crimes included in the provision. (See *Edwards*, 105 Ill. App. 3d at 827.) We fail to see why the State could not have timely prosecuted defendant under the three-year limitations period which was in effect when defendant was charged.

Although the State has not argued the point, we also conclude that the legislative amendment extending the statute of limitations has no retroactive application to defendant under the circumstances where he has already acquired a right of acquittal through the running of the original statute. See *People v. Coleman* (1993), 245 Ill. App. 3d 592, 596.

For the foregoing reasons, the order of the circuit court dismissing the aggravated arson counts is affirmed, and the cause is remanded for further proceedings regarding any remaining charges.

Affirmed and remanded.

BOWMAN, J., concurs.

JUSTICE THOMAS, concurring:
It is an elementary rule of statutory construction that the addition of a new provision in a statute by amendment is an indication of the absence of its implied or prior existence. (*People v. Hicks* (1987), 119 Ill. 2d 29, 34.) Absent substantial considerations to the contrary, an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it theretofore existed. (*Hicks*, 119 Ill. 2d at 34.) Here, the legislature's change in the statute created a presumption that aggravated arson had not previously been a crime which could be prosecuted at any time. Accordingly, I agree with the result reached by the majority in affirming the dismissal of the aggravated arson counts.

If it had not been for the recent amendment to section 3—5(a) clearly revealing the legislative intent to *add* aggravated arson to the list of crimes which can be prosecuted under that section, I would be inclined to agree with the State's argument. Aggravated arson

includes all the elements of arson and is a greater and more serious offense than arson. It is illogical to provide for a limitations period for the greater offense but not for the lesser offense. *Edwards* and *Staton*, relied upon by the majority in support of its position, are easily distinguishable and not particularly helpful here. In both of those cases, section 3—5(a) specified the greater offense, murder. Thus, when the defendants in those cases committed attempted murder, armed robbery and home invasion, they did not commit the offense enumerated in the statute. In this case, however, the statute specified the lesser of the two offenses and that offense was encompassed in the commission of the greater so as to make it impossible to commit aggravated arson without committing arson in the process.